Peaksox.J.
 

 The judgment was properly arrested. There are three fatal objections to the indictment, 1st. Land is not included within the operation of the statute. It is true the words are very general: “Money, goods, property, or
 
 other things of value,”
 
 “or any bank note, check or order for the payment of money. &c.” But they must be construed, with reference to the nature of the offence, the mischief intended to be guarded against, and the particular terms used in connection with the general terms.— Larceny at common law was confined to “goods and chatties,” it did not extend to land, because land could not be feloniously taken and carried away, except insignificant parcels thereof, and there was no mischief complained of in that regard. By the act of 1811, Ch. 814 Rev, Code. Rev. Staf. ch. 84 sec. 23. larceny is extended, so as to include “any bank note, check or order for the payment of money issued by or drawn on any bank or other society or corporation within this State or within any of the United States. &c ” The 24 Sec. includes corn, wheat, cotton, rice, &c., growing or standing together in any field &c.; this was necessary because these articles, being attached to the land, did not fall within the rule at common law, but, it was supposed, fell within the mischief to be guarded against.
 

 By, the
 
 same act of
 
 1811, Ch. 814, Rev. S’tat. Ch.' 34 Sec. 61, it is provided, that, “if any person shall know
 
 *484
 
 ingly and designedly by means of any forged counterfeit paper, &e., obtain from any person, &c., any money, goods, property-or other things of value, in any bank note, &c., check or order for the payment of money, issued by, or drawn on any bank or other society or corporation within this State or any of the United States, &c., and goes on in the
 
 very words
 
 of the 23 Sec. and concludes by subjecting the party offending, to the pillory, public whipping not exceeding thirty nine lashes,&c., the appropriate punishment of larceny.
 

 Thus we are furnished with a key, whereby to unlock the meaning of the Statute. It was justly considered as great a mischief to be defrauded of property by means of a forged or counterfeit paper, &c.< as to be deprived of it by means of a felonious taking, and carrying away, and the object was to extend the principie
 
 to
 
 cases,
 
 where
 
 property was obtained in this fraudulent manner. Money, goods and chatties, were included in common law larceny, and bank notes, checks or orders, &c , were included in larceny as extended by statute ; so the same statute under consideration is made in express terms to embrace all of these ; ¡t may be that
 
 “other things of value,”
 
 was inserted to include corn, wheat, &c , growing, and standing nn-gathered, but it would be a strained construction to make it include
 
 the very land,
 
 for that is not the subject of larceny, at common law, and as extended by the statute. -It would be, to make the corollary or sequent embrace a subject not embraced by the original proposition, which is t ad logic as well as bad law.
 

 2nd. The land was bargained for by metes and boundst ard the deed is made corresponding thereto. The charge is. that the defendant cheated Cherry out of twenty acres of land, to wit, the excess in quantity over thirty five and one half acres. But there is no averment that, in point offact, the tract of land contained more than thatnum-ler of acres; so,
 
 non constat,
 
 that he cheated him out of
 
 *485
 
 any land, and he certainly did not do it, unless the tract really contained more than that quantity. It is true, the indictment was that the plat, made by Coffield, represented the said tract of land to contain 55] acres, and ■that the defendant altered the plat, so as to make it 355 acres, but that does not make good the charge, of cheating Cherry out of the excess over 355 acres, without a direct avowal of the existence of such excess ; it may be the plat was incorrect, and that the tract contained but 35.] acres or a less number; and, if so, Cherry was not cheated out of any land, the plat to the contrary notwithstanding.
 

 3rd. The intent charged is, “to cheat and defraud tfte said Cherry of twenty acres of said tract of land, of the value of twenty dollars.” It seems to us, the indictment does not “fit” the case. No more land was conveyed than was agreed upon by the original contract; so Cherry was not cheated out of any land. We do not adopt the suggestion, that the indictment should have charged the intent, to cheat Cherry out of
 
 “twenty dollars.”
 
 He never had the twenty dollars, and therefore it could not be said, that the intent of the defendant was “to obtain” from him that sum by means of the forged paper. The true ground of complaint is, that the defendant by means of the forged paper, induced Cherry to
 
 execute a deed
 
 for 55] acres of land upon the receipt of $35], and thereby obtained the conveyance without paying for twenty acres of land ; so the fraudulent intent was to procure the deed upon the payment of $35-], instead of $55]. This is a fraud, but it does not come within the definition of any crime or misdemeanor, known either to the common or statute law. There is no error. This opinion will be certified.
 

 Per Curiam. Ordered to be certified accordingly.