·THE STATE *v.* SAMUEL BURT and others.

A nugget of gold separated from the *vein* by *natural causes,* savors of the·
  realty, and, so, is not a subject of larceny.
(*Here,* the nugget was found upon a loose pile of rocks, and was taken
  and carried away at one continued act.)

LARCENY, tried before *Watts, J.,* at Spring Term 1870,.
of FRANKLIN Court.

There was a special verdict, finding: that there was a
verbal contract between Burt and the owner of a gold
mine, that the former might run a rocker in such mine, pay-
ing a certain rent; that the other defendants were working
with Burt; that one of these employees found a nugget of
gold lying upon the land of the owner of the mine, on the
top of a rock pile, not a part of the proceeds of the rocker ; and
that, after consultation with the other defendants, it was
appropriated to their own use, and was never accounted for
to the owner.

His Honor thereupon gave judgment for the defendants,.
and the Solicitor for the State appealed.

*Attorney-General,* for the appellant.
*Rogers & Batchelor, contra.*

DICK, J. Nuggets of gold are lumps of native metal,
and are often found separated from the original veins. When
this separation is produced by natural causes, there is
no severance from the realty, but such nuggets will pass
: under a conveyance, like ores and minerals which are em--
bedded in the earth. When ores and minerals are taken out
of mines with expense, skill and labor, to be converted into
metals, or used for the purposes of trade and commerce, they

become personal property, and are under the protection of the criminal law. )

In England, ores, even before they are taken from the mines, are protected by highly penal statutes : St. 7 and 8 Geo. IV, amended by 24 and 25, Vict. Loose nuggets which are occasionally found in gullies and branches, and in woods and fields, are hardly considered by the law as the subjects of determinate property, until they are discovered and appropriated, and then they become personal goods, and are the subjects of larceny. In this respect they somewhat resemble treasure trove, waifs, &c., in the criminal law of England.

It is an ancient rule of the common law, that things which savor of, or adhere to realty, are not the subject of larceny. In this respect the common law was very defective, and did not afford sufficient protection to many valuable articles of personal property which were constructively annexed to the realty. These defects have, in some degree, been remedied by a number of statutes in this country and in England.

These beneficial changes were induced by the necessities of progressive civilization, which required many valuable species of personal property to be annexed to realty, to be used for the purposes of trade and manufacture; and in the arts ; and which needed the constant protection of the criminal law.

In a case like ours, there is no necessity for the Court to depart from the ancient technical strictness of the common law, and there is no need of any additional legislation upon such a subject. In public estimation it has never been regarded as larceny for the fortunate finder of a nugget of gold, or a precious stone, to appropriate it to his own use, although found upon the land of another person. Hundreds of instances of this kind have doubtless occurred, and yet no case can be found of a prosecution for larceny on this account, either in the Courts of this country or of England. This

·fact sustains us in the opinion, that for cases like the one before us, there is no necessity to depart from the ancient landmarks established by the fathers of our criminal jurisprudence. The nugget was found upon a loose pile of rocks by ·one of the defendants, and the taking and carrying away was ·one continued act, and did not amount to larceny, but was ·only a civil trespass : 1 Hale P. C. 510 ; 2 East. P. C. 587 ; Roscoe Crim. Ev. 459 ; 2 Russell on Cr. 136 ; 2 Bish. Cr. Law, s. 779.

There was no error in the ruling of his Honor, and the judgment must be affirmed.

PER CURIAM. Judgment affirmed.