### STATE *v.* JIMMY GRAVES.

Rails, when made up into a fence upon the land, becomes a part of the realty; and an indictment for Forcible Trespass to personal property, in carrying them away, cannot be supported.

(The case of the *State* v. *Burt* and others, 64 N. C. Rep. 61£, cited and approved.)

INDICTMENT, for Forcible Trespass in removing rails, tried at the Spring Term, 1875, of DUPLIN Superior Court, before his Honor, Judge *Kerr.*

The case made out and signed by counsel, states that the defendant and a boy moved a division fence between the field the defendant rented, and the prosecutrix, who was tenant by dower on the other side, she being present and forbidding it. Under the charge of his Honor, the defendant was found guilty, whereupon he appealed.

*Stallings* and *Battle & Mordecai,* for defendant.
*Attorney General Hargrove,* for the State.

BYNUM, J. The indictment is good, but the evidence does not support it. The charge is a forcible trespass to personal property, and the evidence goes to establish a forcible trespass upon the realty. Rails when made into a fence upon the land, become a part of the land, and as much so as a tree or a house. The act of taking the rails from the fence is not the subject of larceny at common law, nor is it a trespass to personalty. To cut down and carry away a tree by one continuous act, is not a trespass to personal property. So to remove rails from a fence and carry them away by the same continuous act is not such a trespass. The evidence here is that the defendant, with a boy and cart, took the rails from the fence and hauled them away, until all the fence was re-

moved. While he was in the field thus loading his cart with-rails taken from the fence, he was forbidden to remove them by the prosecutrix. Certainly at that time the rails were not. in her actual possession as personal property. At no time were they in her actual possession after they were removed from the fence. Yet it is necessary to allege in the indictment and prove on the trial, this actual as distinguished from constructive possession, in order to make out this crim-inal offence.

But the case turns upon the question whether the rails thus. taken from the fence and removed, by one continuous act, be-came personal property thereby, so as to support this indict-ment. In the *State* v. *Burt* and others, 64 N. C. Rep., 619, the defendants found a nugget of gold on the land of another, on the top of a rock pile and separated from the view. After consultation among themselves, they appropriated it to their own use. It was held to be a part of the realty, and the tak-ing and carrying away, being one continuous act, it did not become personalty so as to be the subject of larceny. 2 Russ. on Cr., 62.

So, a tree severed and taken away by a continuous act. But if the tree has been some time felled, and is then taken away by the one who felled it, it has become personalty, and is the subject of larceny. Whar. Am. Cr. Law, sec. 1733.

If the rails had been taken from the fence and piled up upon the land of the prosecutrix, for example, and after some time, had been removed by the defendant, the prosecutrix be-ing present and forbidding it, an indictment for forcible tres-pass to personal property would lie. It is unnecessary to de-cide whether an indictment for a trespass to realty, can be supported upon the evidence, as the case goes off upon the other point. It seems that the fence was a division fence; at least the prosecutrix claimed upon one side, and the defendant upon the other.

Perhaps both claimed the land upon which the fence was situated, though the defective statement of the case does not disclose how that was.

There is error.

PER CURIAM.                                        Judgment arrested.