STATE v. ANN VOSBURG.

*Indictment under Section 1070 of The Code—Larceny at Common Law.*

Section 1070 of *The Code*, prescribing a penalty for entering the lands of another and carrying off wood or any other kind of property whatsover growing or being thereon, does not contemplate or embrace such taking and carrying away of *money;* it means such property as was not, at common law, subject to larceny.

CRIMINAL ACTION, tried at Fall Term, 1892, of the Superior Court of GASTON COUNTY, before *Graves, J.*

The first count of the bill of indictment is as follows:

The jurors, etc., present that Ann Vosburg, etc., "with force and arms, at and in said county, unlawfully and wilfully did enter upon the lands of one R. V. Cannon, she, the said Ann Vosburg, not being then and there the owner or *bona fide* claimant of said lands, and then and there feloniously, unlawfully and wilfully, with a felonious intent did carry off one hundred dollars of money, of the value of one hundred dollars, of the goods and chattels of the said R. V. Cannon, said money being then and there on said lands, contrary to the form of the statute," etc. The second count was for larceny at common law.

There was a verdict of not guilty of larceny, and not guilty of the felony charged in the first count, but guilty of a misdemeanor under the first count.

The defendant then moved to set aside the verdict, and moved for a new trial on grounds not necessary to be stated here. Motion refused and defendant excepted. The defendant then moved in arrest of judgment for that—

1. The bill of indictment was drawn under section 1070 of *The Code* for the taking of money, whereas the taking of money was not contemplated by this section.

2. Sections 1070 and 1120 of *The Code* are, taken together, the old Act of 1866, ch. 60, and the State must charge in the bill of indictment and prove that the defendant had been, before the taking, forbidden to enter the lands. Motion refused; defendant excepted and appealed from the judgment pronounced.

*The Attorney General,* for the State.
*Mr. George F. Bason,* for the defendant.

MACRAE, J.: Section 1070 of *The Code,* under which the bill of indictment is framed, is in these words: " If any per-

son, not being the present owner or *bona fide* claimant thereof, shall wilfully and unlawfully enter upon the lands of another and carry off, or be engaged in carrying off, any wood or other kind of property whatsoever, growing or being thereon, the same being the property of the owner of the premises, or under his control, keeping or care, such person shall, if the act be done with felonious intent, be guilty of larceny and punished as for that offence. And if not done with such intent shall be guilty of a misdemeanor." There was a verdict of not guilty of larceny, and this disposes of the second count of the bill. The motion in arrest of judgment is directed to the first count upon which the defendant was found guilty of a misdemeanor, and not guilty of the felony charged therein.

The first ground upon which the motion in arrest is based, is: "The bill of indictment was drawn under section 1070 of *The Code* for the taking of money, whereas the taking of money was not contemplated by this section." This statute is part of the Act of 1866, ch. 60, entitled "An Act to prevent wilful trespasses on land and stealing any kind of property therefrom." It was originally inserted in the middle of said act, which is now section 1120 of *The Code*, the caption of which is, "Trespass on land without a license, after being forbidden, a misdemeanor." It was properly placed as an independent section (1070) in *The Code*. We refer to the captions of these acts, not as parts of the acts, but as proper to be considered in reaching the true intent and meaning of the statute where the same is not clear and certain.

No latitude of construction is permitted in the interpretation of a penal statute; it must be construed strictly "to carry out the obvious intention of the Legislature and be confined to that." The obvious intent of the act was to prevent the wilful and unlawful entry upon land of another, and the taking and carrying away of such articles as were not, at common law, or by previous statute, the subject of larceny.

The Act of 1811 (section 1069 of *The Code*) had made the stealing of growing crops and vegetables, or other products cultivated for food or market, larceny. There were other things which were attached to the land, as wood in growing trees, plants, shrubs and flowers growing, minerals and metals, fences and other erections not growing, but being on the land and in contemplation of the common law part of the land, and not subjects of larceny.

The general rule in the interpretation of statutes is that " when there are general words following particular and specific words, the former must be confined to things of the same kind." Sutherland on St. Con., § 268. When particular words of a statute are followed by general, as, if after the enumeration of classes of persons or things, it is added, " and all others," the general words are restricted in meaning to objects of like kind with those specified.

To apply the rule to our present inquiry, while the words "or other kind of property whatsoever" are very wide in their scope, the interpretation of a criminal statute requires us to restrict their meaning to property of like character with that mentioned by name, the character being that of chattels real, connected in some way with the land, or which once had been so connected and were now severed therefrom; but by no rule of construction could money be considered to be included in the general words of the statute. It follows, then, that the judgment must be arrested, and we are relieved from the necessity of considering the other exceptions.

It may be as well to say that the instruction asked and refused, assuming some assent of the wife of the prosecutor to the taking, was not warranted in the evidence as reported in the case on appeal, and that, while there was no evidence of an unlawful or wilful entry, the defendant seems not to have asked any instruction to the jury on that point, and not to have mentioned it until after the verdict of guilty.

Judgment Arrested.