STATE v. JOHN WHIDBEE.

(Decided February 21, 1899.)

*False Pretence—The Code, Section 1027.*

An indictment for obtaining goods under a false pretence—The Code, section 1027—must be founded on a false representation by the defendant of an existing fact.

INDICTMENT for obtaining goods under a false pretence, before *Hoke, J.*, at Fall Term, 1898, of the Superior Court of DARE County.

The indictment is as follows:

The jurors for the State present on oath, that at and in the above State and County on or about the 12th day of July, 1897, the defendant, John B. Whidbee, late of the State and County aforesaid, did unlawfully, wilfully and feloniously agree in writing with R. D. Fulcher in the following words and figures, to-wit:

HATTERAS, N. C., July 12, 1897.

This is to certify, that I have received of R. D. Fulcher twenty-four dollars in merchandise the amount of my check for the quarter ending October 30, 1897, which check I hereby pledge him in payment of same.

JOHN D. WHIDBEE.

Witness:   J. E. Whidbee.

With intent to defraud said R. D. Fulcher of the value of said merchandise, and the said John D. Whidbee, having entered into said agreement as aforesaid, failed to apply said check or any part thereof, or the proceeds of the same in accordance with said agreement, but disposed of same in a

manner other than agreed in said paper writing with intent to defraud said R. D. Fulcher of the value of said merchandise, against the peace and dignity of the State, and contrary to the form of the statute as in such cases made and provided.

WM. J LEARY, *Solicitor.*

The defendant moved to quash the bill of indictment for the reason that it does not state an indictable offence.

Motion to quash was allowed.    The Solicitor excepted, and appealed.

*Attorney General Zeb. V. Walser,* for State (appellant).

No counsel *contra.*

FAIRCLOTH, C. J.    The defendant stands indicted for obtaining goods under a false pretence.    On July 12, 1897, the defendant certified in writing that he had received of Fulcher "twenty-four dollars in merchandise, the amount of my check for the quarter ending October 30, 1897, which check I hereby pledge in payment of same."    He failed to apply said check or the proceeds thereof according to agreement.

The defendant moved to quash the indictment on the ground that it stated no indictable offence, which motion was allowed and the State Solicitor appealed.

There was no error.    The offence charged does not fall within the meaning of The Code, Section 1027.    The fact that the defendant did not have and *could not have* the check for the quarter, beginning August 1st to October 30th, was plain on the face of the writing, and was or ought to have been known to the prosecutor, and whatever the motive was, it was not a fraudulent representation.    Suppose the defendant had certified on July 12th that he would represent the firm

of A. & Co., of New York, during the same quarter.    There would be no false statement of an existing fact, and the prosecutor would see and know it.

Affirmed.