## STATE v. TORRENCE.

(November 27, 1900.)

1. *False Pretenses—Advances—Criminal Law—The Code, Sec.* 1027.

   One who obtains advances upon written representation of ownership of property and promising to apply the same to the payment of the debt, fails to do so, is indictable under The Code, sec. 1027.

2. *False Pretenses—Advances—Imprisonment for Debt— Criminal Law—The Code, Sec.* 1027.

   The Code, sec. 1027, making it a misdemeanor to obtain advances on representations of owning property, is not in conflict with the Constitution, Art. I, sec. 16, forbidding imprisonment for debt.

DOUGLAS, J., *dubitante.*

INDICTMENT against Will Torrence, heard by Judge *Henry R. Bryan,* at August Term, 1900, of ROWAN Superior Court.

Indictment for obtaining goods under false pretenses, under Code, sec. 1027, tried before BRYAN, J.: "The jurors," etc., "present that Will Torrence, with force and arms," etc., "on the 20th day of June, 1900, with intent to cheat and defraud, did unlawfully, wilfully, and feloniously obtain from J. M. Surrat and another goods, wares, and merchandise to the amount of $22.34, asserting at the time that he was the owner of a chose in action against the Southern Railway Company for wages earned by him in the month of May, and agreeing in writing to apply said wages, or the proceeds, to the amount of $22.34, to the discharge of said debt, whereas the said Will Torrence has failed and refused to so apply said wages, but disposed of the same in some other manner than agreed in said representation, contrary to the form of the statute," etc.

STATE v. TORRENCE.

The following was the evidence introduced by the State: Charles Surrat testified as follows:

"I witnessed this paper."

The following, said paper, upon which the defendant was indicted, was then introduced in evidence:

"I, Will Torrence, do hereby assert that I am the owner of property to the amount of fifty dollars valuation, said property consisting of a chose in action against the Southern Railway Company, because of wages earned by me in the month of May, 1900, and yet unpaid by the said Southern Railway Company. Now, in consideration of the fact that J. M. Surrat & Co. have this day allowed me advances on said wages to the amount of twenty dollars, I agree to apply said wages, or the proceeds thereof, to the amount of twenty dollars, to the discharge of said debt due J. M. Surrat & Co., on the 20th day of June, 1900. Witness my hand and seal, this 20th day of May, 1900.

                "WILL (his X mark) TORRENCE.   (Seal.)
"Witness:   C. A. Surrat."

On the back of said paper were the following indorsements:

| | |
|---|---|
| May 20, 1900. To goods | $1.76 |
| To stove | 4.00 |
| To butter | 10 |
| To ale | 05 |
| To cheroots | 05 |
| | $5.96 |

"My father wrote the body of this paper, and I saw Torrence sign it on the 20th May. My brother, Oscar Surrat, was present when he signed it, and my father, J. M. Surrat, was also present."

STATE *v.* TORRENCE.

J. M. Surrat, the prosecutor, testified as follows: "I am a merchant. I was present when Torrence signed this paper. I let him have groceries to the extent of $20.34. (The witness then introduced in evidence an itemized statement of account for $20.34 against William Torrence, beginning with May 21, 1900, and continuing till June, 1900.) He has paid me $2 on that account. He said he owed Mr. Hennessee, and would have to pay him first. He (Torrence) has traded with me about two years, and paid me all he owed me up to May 20th. Sometimes he didn't pay me for two or three months. He was working for the railroad at the time he signed this obligation, and had been for some years. His wages were due him by the railroad, as stated by him in this obligation. This account was opened May 21st. The obligation was made on May 20th. I was mistaken about 'May 21st.' I ought to have said 'May 20th.' This account was opened on May 20th."

The defendant introduced no testimony. At the close of the State's testimony the defendant asked the Judge to charge the jury that, if they believed the evidence, they should render a verdict of not guilty. His Honor refused the instruction, and charged the jury that if they believed the evidence they should find the defendant guilty. Defendant excepted. Verdict of guilty. Defendant moved in arrest of judgment for the reason that the bill of indictment did not state an indictable offense. Motion overruled. Exception. Motion for new trial for errors committed by the Court. Motion overruled. Defendant appealed to the Supreme Court, and assigned as errors: (1) Failure of Judge to give the instruction asked by defendant. (2) For that his Honor charged the jury that, if they believed the evidence, the jury should return a verdict of guilty. (3) Refusal of his Honor to grant the motion in arrest of judgment.

STATE *v.* TORRENCE.

Judgment. Notice of appeal, etc. "Service accepted this August 24, 1900. Wiley Rush, Sol."

*Zeb. V. Walser,* Attorney-General, for the State.
*Lee S. Overman,* for the defendant.

CLARK, J. The indictment charges that the defendant "did unlawfully, wilfully, and feloniously obtain from J. M. Surrat and another goods, wares, and merchandise to the amount of $22.34, asserting at the time that he was the owner of a chose in action against the Southern Railway Company, and agreeing in writing to apply said wages, or the proceeds, to the amount of $22.34, to the discharge of said debt, whereas the said Will Torrence has failed, or refused, to so apply said wages, but disposed of the same in some other manner than agreed in said representation, contrary to the form of the statute," etc. The defendant moved in arrest of judgment because "the bill of indictment did not charge an indictable offense." On the argument this was treated as an indictment for false pretense, and, if so, the motion should have been granted; for false pretense is the "false representation of an existing fact, made with intent to deceive, and which does deceive." But an examination shows that the indictment is under Code, sec. 1027, for "obtaining advances upon representation of the ownership of property and promising to apply the same to payment of the debt, and failing to do so." The indictment follows the statute, and there is no ground for the motion in arrest of judgment unless the statute is in conflict with the constitutional provision (Art. I, sec. 16) prohibiting "imprisonment for debt, except in cases of fraud," and we can not see that it is. It is not the failure to pay the debt which is made indictable, but the failure to apply certain property which, in writing, has been pledged for its payment, and advances made on the faith of

such pledge. It is on the same footing as Code, sec. 1089, for disposing of mortgaged property. It is the fraud in disposing of or withholding property which the owner has in writing agreed shall be applied in payment of advances made on the faith of such *quasi* mortgage, to one who has thus *pro tanto* become the owner thereof, and the subsequent conversion of said property, and diversion of the proceeds to the detriment of the equitable owner and in fraud of his rights. The evident object of the statute was to enable persons to obtain advances upon articles whose nature, or whose value, would not justify the execution of a formal mortgage thereon. The only case so far decided upon this section (*State v. Whidbee,* 124 N. C., 796) has no application; for that went upon the ground that the prosecutor, upon the face of the writing, knew that the property was not in existence, and that the defendant could have had no ownership of the article pledged, because it was a check to be issued at a future day. Here the written pledge upon which the advances were made is of a chose in action—an indebtedness to the defendant by the Southern Railway Company for past-due wages—and is in the following words: "I, Will Torrence, do hereby assert, that I am the owner of property to the amount of fifty dollars valuation, said property consisting of a chose in action against the Southern Railway Company, because of wages earned by me in the month of May, 1900, and yet unpaid by the said Southern Railway Company. Now, in consideration of the fact that J. M. Surrat & Co. have this day allowed me advances on said wages to the amount of $20, I agree to apply said wages, or the proceeds thereof, to the amount of twenty dollars, to the discharge of said debt due J. M. Surrat & Co., on the 20th day of June, 1900. Witness my hand and seal, this 20th day of May, 1900." (Signed and sealed by Will Torrence, and witnessed by C. A. Sur-

rat.)   The evidence justified the Court in refusing the prayer to instruct the jury that, if they believed the evidence, they should find defendant not guilty, and in instructing them, if they believed the evidence, to find him guilty.

No error.

DOUGLAS, J., *dubitante.*