## STATE v. BECK.

(Filed April 24, 1906).

*Larceny—Nature of Property—Chattels Real—Statutory Offense.*

> Brass railing attached partly to the freehold and partly to an engine, the engine being attached to the freehold, comes within the scope and purport of Revisal, section 3511, providing that if any person shall enter on the lands of another and carry off any "wood or other kind of property whatsoever, growing or being thereon" with felonious intent, he shall be guilty of larceny.

INDICTMENT for larceny against Lee Beck, heard by *Judge R. B. Peebles* and a jury, at the February Term, 1906, of the Superior Court of FORSYTH. From a verdict of guilty and a judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*J. S. Grogan* for the defendant.

CLARK, C. J. The defendant is indicted for the larceny of thirty pounds of brass railing attached partly to the freehold and partly to an engine in an ice plant, the engine being attached to the freehold.

Revisal, section 3511, provides, "If any person not being the present owner or *bona fide* claimant thereof shall wilfully and unlawfully enter upon the lands of another and carry off, or be engaged in carrying off any wood or other kind of property whatsoever, growing or being thereon * * * if the act is done with felonious intent, shall be guilty of larceny * * * if not done with such intent he shall be guilty of a misdemeanor."

Had the act provided "carrying off any wood or other kind of property, growing or being thereon," the rules of con-

struction would restrict "other kind of property" to property of like kind with wood. But the addition of the word "*whatsoever*" shows a clear intent of the Legislature to take this case out of such rule of contstruction. In the language of *State v. Vosburg*, 111 N. C., 720, "The obvious intent of the act was to prevent the wilful and unlawful entry upon land of another, and the taking and carrying away of such articles as were not, at common law, or by previous statute, the subject of larceny." It is added that money would not come under the words of the statute, for the articles taken must be "of like character with that mentioned by name, the character being that of chattels real, connected in some way with the land, or which once had been so connected and were now severed therefrom." Besides money had been made "by previous statute the subject of larceny." The article here taken comes within the very scope and purport of the act which was to cure a defect in the law of larceny, which had before applied only to personal property, by making it applicable to the felonious taking and carrying away of chattels real.

In *State v. Burt*, 64 N. C., 619, the court held that the defendant who found a nugget upon a loose pile of rock and carried it away was not guilty of larceny, evidently, from the language used, resting the opinion upon the absence of felonious intent, saying, "In public estimation, it has never been regarded as larceny for the fortunate finder of a nugget of gold, or a precious stone, to appropriate it to his own use, although found upon the land of another." Though we disapprove of that decision since the felonious intent had been properly left to the jury, still it is different from this case, where the defendant did not merely find some brass lying on the ground, but wrenched off the brass railing around a stationary engine, without the knowledge of the owner and without claim of right and carried it off and sold it. This comes within the purport of the statute and the

failure of the former law of larceny to cover such cases is the very evil the statute was intended to cure. The statute had been very recently enacted when *State v. Burt* was decided and was probably not called to the attention of the court. It is not mentioned in the opinion.

*State v. Graves,* 74, N. C., 396, was an indictment for forcible trespass to personal property in taking rails from a division fence of which the defendant also claimed ownership. The case went off on the ground that prosecutrix was not "present and forbidding" till after the rails had been removed from the fence, and hence were no longer in her possession. It is true that *obiter* the court says (and correctly enough), citing *State v. Burt, supra,* that at common law it would be neither larceny nor trespass to personalty to remove rails from a fence and carry them off by one continuous act. But there was no reference to the statute under which this indictment is had and no occasion for such reference. This technical distinction, resting upon "one continuous act," is exactly what was repealed by the statute before us, and was its sole purpose.

*State v. Liles,* 78 N. C., 496, also relied upon by the defendant, was an indictment for larceny of growing figs, under an entirely different statute, Revisal, sec. 3503, "Larceny of Growing Crops," and the judgment was arrested because of the omission in the indictment of material words required by the statute "cultivated for food or market."

No Error.