STATE v. TIM WILLIAMS.

(Filed 10 March, 1909.)

1. Landlord and Tenant—Abandonment of Crop—Imprisonment—Constitutional Law—Indictment Quashed.

The provisions of the Revisal, sec. 3366, making it a misdemeanor in certain counties, and punishable by imprisonment, for a tenant or cropper to procure advancements from his landlord for the purpose of making a crop on his land and then willfully abandoning the crop without good cause and before paying for the advances, contravene Article I, section 16, of our State Constitution, prohibiting imprisonment for debt, except in cases of fraud; and an indictment thereunder, without averment of fraud, will be quashed.

STATE *v.* WILLIAMS.

2. Indictment Insufficient—Landlord and Tenant—Abandonment of Crop—Indictment Quashed. ·

An indictment under the provisions of the Revisal, sec. 3366, which does not charge that the abandonment of the crop by the tenant or cropper was "without cause" and "before paying for such advances," should be quashed as insufficient.

ACTION heard before *W. R. Allen, J.,* at December Term, 1908, of MARTIN.

Appeal by the State.

*Attorney-General* for the State.
*Martin & Critcher* for defendant.

CLARK, C. J.   The defendant was tried, on appeal from a justice of the peace, for violation of the Revisal, sec. 3366, which makes it a misdemeanor in certain counties "If any tenant or cropper shall procure advances from his landlord to enable him to make a crop on the land rented by him, and then willfully abandon the same without good cause and *before paying for such advances."*   The statute further provides the same punishment for the landlord if he shall willfully fail to make the advances promised.

The court quashed the proceeding on the ground that the statute contravened the Constitution, Art. I, sec. 16: "There shall be no imprisonment for debt in this State, except in cases of fraud."   This is in effect decided in *State v. Norman,* 110 N. C., 484, which was a warrant for violating what is now the Revisal, sec. 3431: "Where any person, with intent to cheat and defraud another, shall obtain any advances," etc.   The Court approved there the following charge below: "In order to convict, the State must show to the full satisfaction of the jury something more than obtaining the advances, a promise to pay for the same, and a breach of the promise.   Nothing else being shown, these facts would constitute only a breach of contract, and for this the defendant could not be prosecuted criminally. The jury must be fully satisfied of an element of fraud in the transaction."

In *State v. Torrence,* 127 N. C., 550, which was an indictment, under The Code, sec. 1027 (now Revisal, sec. 3434), for

obtaining advances under the false pretence that the person is the owner of specific property, which he agrees to apply to the debt so created, that statute is upheld solely on the ground that the offense is not the failure to pay the debt, but the fraudulent conversion or withholding the property, the offense being analogous to "disposing of mortgaged property," the property being pledged, in writing (as the statute required), to be applied to the discharge of the lien for such advances. In *State v. Whidbee,* 124 N. C., 796, which was an indictment under the same section as in *State v. Torrence, supra,* the court quashed the indictment, because the pay check pledged was not then in existence, but was to become due to the pledger at a future date, hence "not a false representation of an existing fact."

*State v. Robinson,* 143 N. C., 620, was an indictment under the Revisal, sec. 3367, almost identical with the Revisal, sec. 3366, now before us, but the case went off on another point and the constitutionality of the statute was not passed upon. The concurring opinion (page 631) refers to it, but only for the purpose of noting that the constitutionality of the statute had not been decided. The offense here charged has no element of fraud, and as the statute imposes imprisonment it cannot be sustained. Speaking only for myself, there is nothing, however, which forbids the General Assembly to authorize the imposition of the fine upon the tenant or the landlord for the conduct described in the statute, but the party could not be imprisoned for nonpayment of the fine or costs, since that would be to allow by indirection what cannot be done directly.

But the warrant was properly quashed, in any view, because it simply charged abandonment of the crop, without alleging that this was done "without cause" and "before paying for such advances." Unless those things were alleged and shown, there could be no conviction under the statute.

Affirmed.