## STATE v. DAVE MOONEY.

(Filed 26 May, 1917.)

**1. Constitutional Law—Statutes—Pledge—Representation of Ownership.**

Revisal, sec. 3434, making it a misdemeanor for a party representing in writing his ownership of certain property and therein agreeing to apply the same to a debt then created, and failing to apply the property so pledged accordingly, is constitutional and valid.

**2. Same—Indictment—Language of Statute—Motion to Quash.**

In an indictment under a statute creating the offense, the essential words creating the offense must be given, and when the terms used have acquired a technical significance, for which there is no just equivalent, such words must be given with exactness; and where an indictment is drawn under Revisal, sec. 3434, it should charge the written representation of existent ownership or wages earned, etc., and that the writing contained an agreement to apply them, etc., for in thus failing to follow the written terms employed in the statute the indictment is fatally defective, and should be quashed.

INDICTMENT, heard on motion to quash the same before *Justice, J.,* at February Term, 1917, of ROWAN.

The indictment was as follows: "The jurors for the State, upon their oath, present, that Dave Mooney, late of the county of Rowan, on the 20th day of March, A. D. 1916, with force and arms, at and in the county aforesaid, willfully, unlawfully, and feloniously, with intent to cheat and defraud, did obtain from W. L. Kluttz goods, wares, and merchandise to the amount of $30, asserting at the time that he was the owner of a chose in action against the Southern Railway Company for wages earned by him in the month of March, 1916, and agreeing in writing to apply said wages, or the proceeds, to the amount of $30 to the discharge of said debt; whereas the said Dave Mooney has failed and refused to so apply said wages, but disposed of the same in some other manner than agreed in said representation, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The motion to quash was allowed, and the State excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*No counsel for defendant.*

HOKE, J. The statute on which this bill of indictment is framed, Revisal, sec. 3434, provides as follows: "If any person shall obtain

any advances in money, provisions, goods, wares, or merchandise of any description, from any other person or corporation, upon any written representation that the person making the same is the owner of any article of produce, or of any other specific chattel or personal property, which property or the proceeds of which the owner in such representation thereby agrees to apply to the discharge of the debt so created, and the owner shall fail to apply such produce or other property, or the proceeds thereof, in accordance with such agreement, or shall dispose of the same in any other manner than is so agreed upon by the parties to the transaction, the person so offending shall be guilty of a misdemeanor, whether he shall or shall not have been the owner of any such property at the time such representation was made." The validity of this statute as a constitutional enactment has been upheld in *S. v. Torrence,* 127 N. C., 550, and the decision was made to rest on the ground that the crime included the act of unlawfully and wrongfully disposing of property which defendant had dedicated or pledged in writing to the payment of a claim for advancements made thereon. The *ratio decidendi* is very clearly stated in the opinion by the present *Chief Justice* as follows: "It is not the failure to pay the debt which is made indictable, but the failure to apply certain property which, in writing, has been pledged for its payment, and advances made on the faith of such pledge. It is on the same footing as Code, sec. 1089, for disposing of mortgaged property. It is the fraud in disposing of or withholding property which the owner has in writing agreed shall be applied in payment of advances made on the faith of such quasi mortgage, to one who has thus *pro tanto* become the owner thereof, and the subsequent conversion of said property, and diversion of the proceeds to the detriment of the equitable owner and in fraud of his rights. The evident object of the statute was to enable persons to obtain advances upon articles whose nature, or whose value, would not justify the execution of a formal mortgage thereon." This principle was later recognized and approved in *S. v. Williams,* 150 N. C., 802, and made the reason for distinguishing such an indictment from those where it was attempted to convict a defendant for mere breach of promise to pay for advances and without the element of fraud being present in the transaction.

While we must hold, therefore, that the statute creates an indictable offense, we are of opinion that the ruling of his Honor must be sustained on the ground that the crime is not sufficiently charged in the bill.

It is well recognized that in indictments on a statute the essential words descriptive of the offense or their just equivalent must be given, and when the terms used have acquired a technical significance, for which there is no just equivalent, such words must be given with exact-

ness.   The correct position is very well stated in Clark's Cr. Procedure as follows:   It is generally necessary, subject to exceptions which we shall explain, not only to set forth all the facts and circumstances which go to make up the offense as defined in the statute, but also to pursue the precise and technical language of the statute in which they are expressed.   If the words are technical and have no equivalent, it is well settled that no others can be substituted for them, for no others are exactly descriptive of the offense." And our own decisions fully approve the principle.   *S. v. Clark Liles,* 78 N. C., 496; *S. v. Stanton,* 23 N. C., 424.   In *Liles' case* it is held:   "In an indictment under a statute where the words of the statute are descriptive of the offense, the indictment should follow the language and expressly charge the described offense so as to bring it within the material words of the statute."   In the present case the statute, in order to the creation of the offense, requires that there should be *written representations* of existent ownership or wages earned, etc.; also the writing should contain a written agreement to apply, etc.   Trenching as it does upon the ordinary incidents attendant upon a breach of contract, it was the design and intent of the statute to withdraw from the uncertainties of parol testimony this assertion as to present existence and ownership usually occurring between the parties alone, and having expressly required that both assertion of ownership and agreement to apply should be in the writing, they are made essential words descriptive of the offense, and must be alleged in the bill and proved on the trial in order to convict of the crime.   It is nowhere alleged in this bill that the writing contained any assertion of ownership on the part of the defendant, and such an allegation being one of the essential requisites of the offense, the judgment of his Honor quashing the bill must be affirmed.   We are not inadvertent to the fact that the present bill seems to be an exact copy of the one in *S. v. Torrence,* but while the point may have appeared in the record, it was not pressed in the argument, and the question presented and disposed of was on the constitutionality of the statute.

There is no error, and the judgment of the Superior Court is affirmed.

No error.