THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RUBIN FREIMAN, Defendant.

County Court, Bronx County, July 12, 1928.

**Crimes — grand larceny — demurrer to indictment charging defendant with obtaining from complainant deed of real property of value of $25,325 by false and fraudulent representations — deed is subject of larceny, under Penal Law, § 1303 — indictment did not charge larceny of real property — demurrer overruled.**

Defendant's demurrer to an indictment which charges him with the crime of grand larceny, in that he obtained from the complainant a certain instrument or deed to a parcel of real estate by false and fraudulent representations and that the deed was of the value of $25,325, is overruled. The defendant's contention that the indictment charges him with the larceny of real property is not sustained.

A deed of real property may be the subject of larceny, under section 1303 of the Penal Law, and the value of the property transferred is, under that section, deemed the value of the thing stolen.

DEMURRER to indictment charging grand larceny.

*John E. McGeehan, District Attorney* [*Sol Boneparth* and *Herman J. Fliederblum, Assistant District Attorneys,* of counsel], for the plaintiff.

*Leonard A. Snitkin* [*Leo H. Klugherz* of counsel], for the defendant.

COHN, J. Defendant has filed a demurrer to the indictment herein. The defendant was indicted by the grand jury for the crime of grand larceny in the first degree. The indictment charges that by color of false and fraudulent representations, the defendant feloniously obtained from the complainant a certain instrument and deed to a parcel of real estate and that the deed was of the value of $25,325. The defendant demurs to the indictment. The specific ground of the demurrer is that the facts stated in the indictment do not constitute a crime, in that the indictment charges the defendant with larceny of real property. Real property, it is urged, cannot be the subject of larceny. The law generally seems

to be well settled that real estate cannot be the subject of larceny. (*State* v. *Klinkenberg*, 76 Wash. 466; 49 L. R. A. [N. S.] 965; *People* v. *Cummings*, 114 Cal. 437; *State* v. *Eno*, 131 Iowa, 619; *Commonwealth* v. *Woodrun*, 4 Clark [Penn.], 207; *State* v. *Burrows*, 33 N. C. 477; *People* v. *Deinhardt*, 179 App. Div. 228.)

Does the indictment charge the defendant with larceny of realty? I think not. The indictment specifically alleges that the defendant " did then and there feloniously obtain a certain instrument and deed  *  *  *  to premises 1006–1008 Stebbins Avenue, which said instrument and deed was then and there of the value of $25,325."

That a deed may be the subject of larceny is indicated by the language of section 1303 of the Penal Law, which section was formerly section 545 of the Penal Code. It provides as follows: " If the thing stolen consists of a written instrument, being an evidence of debt,  *  *  *  or being the transfer of or evidence of title to any property,  *  *  *  the value of the property transferred or affected, or the title to which is shown thereby,  *  *  * is deemed the value of the thing stolen."

The Court of Appeals of this State had before it a situation closely approximating the facts in this case in *People* v. *Peckens* (153 N. Y. 576). The court there held (at p. 591) that section 1303 of the Penal Law, formerly section 545 of the Penal Code, determined that where a written instrument was the thing stolen (in that case, a deed to real estate), the value of the property affected by the written instrument is deemed the value of the thing stolen.

In the *Peckens* case the defendant with others had been convicted of larceny under false representations for feloniously obtaining from the possession of the complainant a deed to real estate owned by her, one of the false representations being that a certain assignment of mortgage which was part of the consideration for the transfer of the deed was a first lien as well as a first class mortgage, whereas in truth and in fact this representation was fraudulent.

The appeal in that case from the judgment of the Appellate Division of the Supreme Court in the Fourth Judicial Department, which affirmed the judgment of the Ontario County Court convicting the defendant of the crime of grand larceny in the first degree, also brought up for review the decision of the trial court disallowing a demurrer which the defendant interposed to the indictment. (*People* v. *Peckens*, *supra*, 578.) One of the grounds of the demurrer set forth was that the facts stated did not constitute a crime.

The highest court, in unanimously affirming the judgment of the Appellate Division affirming the judgment of conviction and affirming the order overruling the demurrer, stated: " The impor-

tance of this case, involving, as it does, the liberty of a citizen on the one hand and the protection of the innocent and unwary upon the other, has led us to a diligent study of the case and questions so ably discussed by counsel for the respective parties. After a careful examination of all these questions we are clearly of the opinion that none of them presents reversible error. *We think the indictment was sufficient;* that the court had jurisdiction; that the evidence was abundant to justify the verdict, and that the judgment should be affirmed." (Italics ours.)

The question as to whether or not a deed to real estate may be the subject of a larceny by false pretenses was thus squarely presented to our highest court and passed upon by that tribunal in the *Peckens* case when the defendant there at Trial Term, as here, demurred to the indictment. Under the rule of *stare decisis,* this court is bound to observe the law as laid down by the Court of Appeals in the *Peckens* case. Demurrer overruled. Submit order.