### STATE v. DEWEY MARTIN.

(Filed 29 October, 1930.)

**Indictment E b—In this case held: there was a fatal variance between indictment and proof.**

Where an indictment in a criminal prosecution charges the defendant with having fraudulently obtained goods by means of a worthless check in violation of C. S., 4283, and the defendant is convicted of having uttered a worthless check in violation of chapter 62, Public Laws of 1927, the offenses are not the same, and there is a fatal variance between the indictment and proof, and the defendant's demurrer to the evidence will be sustained in the Supreme Court on appeal. C. S., 4643.

APPEAL by defendant from *Schenck, J.,* at March Term, 1930, of FORSYTH.

Criminal prosecution tried upon a warrant charging the defendant with fraudulently obtaining goods by means of a worthless check in violation of C. S., 4283.

The defendant was convicted of uttering a worthless check, with knowledge of its worthlessness, in violation of chapter 62, Public Laws 1927.

From the judgment rendered, the defendant appeals, assigning as error the refusal of the court to dismiss the action as in case of nonsuit.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*E. M. Whitman for defendant.*

STACY, C. J. The defendant was indicted under one statute and convicted under another. The two are not the same. There is a fatal variance between the indictment and the proof. *S. v. Corpening,* 191 N. C., 751, 133 S. E., 14. The Attorney-General confesses error. The demurrer to the evidence will be sustained here as provided by C. S., 4643.

Reversed.