## STATE v. FRANK JACKSON AND HARVEY WOOTEN.

(Filed 30 October, 1940.)

**1. Larceny § 1—**

The common law offense of larceny does not include larceny of chattels real.

**2. Same—**

C. S., 4259, creates the statutory offense of larceny of chattels real.

**3. Same—**

A tombstone erected at the grave of a deceased person becomes a chattel real and may not be the subject of the common law crime of larceny.

**4. Indictment § 7—**

An indictment for a statutory offense must show upon its face that it is based upon the statute, and must either charge the offense in the language thereof or specifically set forth the facts constituting same.

**5. Indictment § 20—**

　　Proof of the particular offense charged in the bill of indictment is necessary to support a conviction thereon.

**6. Same: Larceny § 4—Proof of larceny of chattel real will not support conviction on indictment charging common law larceny.**

　　Defendant was charged with feloniously stealing and carrying away one tombstone erected at the grave of a deceased person, being the goods and chattels of a named person. The court instructed the jury that the offense charged was larceny, which is the wrongful and felonious taking and carrying away of personal property of some value belonging to another, with felonious intent. *Held:* Neither the indictment nor the theory of trial refer to trespass constituting an element of the statutory crime of larceny of chattels real, C. S., 4259, nor to the distinction of taking with, and taking without felonious intent set forth in the statute, and there is a fatal variance between the indictment for common law larceny and the proof of the statutory larceny of a chattel real, and defendant's motion to nonsuit should have been granted. Nor may conviction be upheld under C. S., 4320, which creates a misdemeanor not defined as larceny. Whether C. S., 4320, and cognate statutes relating expressly to tombstones, graveyards, and graves, excludes such property from C. S., 4259, *quære.*

APPEAL by defendant Harvey Wooten from *Parker, J.,* at February Term, 1940, of SAMPSON. Reversed.

Criminal prosecution under indictment charging the crime of larceny.

The bill of indictment charged that the defendants, "with force and arms, at and in the county aforesaid, one tombstone at the head of the grave of A. J. Tuttle in the Clinton cemetery of the value of One Hundred and Fifty Dollars ($150.00), of the goods, chattels, and moneys of one Sarah E. Tuttle, then and there being found, feloniously did steal, take and carry away, contrary," etc. The bill also contains a second count for receiving.

There was evidence tending to show that the defendant Wooten, through his agent and employee, the defendant Jackson, without the knowledge and consent of the widow of A. J. Tuttle, went to the cemetery lot on which A. J. Tuttle was buried and removed therefrom a tombstone, erected at the grave of said Tuttle, of the value of $150.00, and carried the same away with intent to appropriate it to his own use.

In rebuttal the defendant Jackson offered evidence tending to show that he acted as an employee and under the direction of the defendant Wooten. The defendant Wooten offered evidence tending to show that he procured the removal of the stone under *bona fide* claim of right by virtue of a contract with Mrs. Tuttle.

The jury returned a verdict of not guilty as to the defendant Jackson and a verdict of guilty as to the defendant Wooten. From judgment pronounced on the verdict defendant Wooten appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*E. C. Robinson and J. D. Johnson, Jr., for defendant Harvey Wooten, appellant.*

BARNHILL, J. Larceny at common law was confined to "goods and chattels"; it did not extend to land, because land could not be feloniously taken and carried away, except insignificant parcels thereof. *S. v. Burrows,* 33 N. C., 477; 36 C. J., 736, sec. 6. It, as a common law offense, is concerned with personal property only, and its nature has not been altered by the statutes making it larceny to steal things affixed to realty and severed therefrom by the thief. 36 C. J., 736, sec. 6. Therefore, it was not larceny, at common law, to steal anything adhering to the soil. *S. v. Burrows, supra;* 17 R. C. L., 33.

The only purpose of statutes making chattels real the subject of larceny, and thus extending the common law crime, is to abrogate, so far as it affects the prosecution for larceny, the rule that things in their nature personal are or become realty while or when affixed to the soil . . . and to abolish the subtle distinction between its severance and taking as a single and indivisible act and a severance and a taking as separate and distinct acts. 36 C. J., 736. Thus, C. S., 4259, was enacted to eliminate a defect in the common law rule and to extend it so as to make chattels real, such as growing trees, plants, minerals, metals and fences, connected in some way with the land, the subject of larceny. The obvious intent of the act was to prevent the willful and unlawful entry upon the land of another and the taking and carrying away of such articles as were not, at common law or by previous statute, the subject of larceny. *S. v. Vosburg,* 111 N. C., 718; *S. v. Beck,* 141 N. C., 829.

The thought underlying the erection of a tombstone or marker at the grave of a deceased person is that of permanency. Its purpose is to designate the spot where the deceased was buried, to perpetuate his name and to record biographical data as to birth, death, etc. When so erected it becomes a chattel real and is not the subject of the common law crime of larceny.

An indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself; and in order that it shall so appear, the bill must either charge the offense in the language of the act, or specifically set forth the facts constituting the same. 31 C. J., 703; *S. v. Merritt,* 89 N. C., 506; *S. v. Rose,* 90 N. C., 712; *S. v. Gibson,* 169 N. C., 318, 85 S. E., 7; *S. v. Mooney,* 173 N. C., 798, 92 S. E., 610; *S. v. Lockey,* 214 N. C., 525, 199 S. E., 715. "Where the words of a statute are descrip-

tive of the offense, an indictment should follow the language and expressly charge the described offense on the defendant so as to bring it within all the material words of the statute. Nothing can be taken by intendment. Whart. Criminal Law, sec. 364; Bishop on Stat. Crime, sec. 425;" *S. v. Liles,* 78 N. C., 496.

It is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment. The allegation and proof must correspond. *S. v. Wilkerson,* 164 N. C., 432, 79 S. E., 888; *S. v. Corpening,* 191 N. C., 751, 133 S. E., 4; *S. v. Martin,* 199 N. C., 636, 155 S. E., 447.

The bill of indictment charges the larceny of "goods and chattels"—a common law crime. The case was tried on this theory in the court below. The judge in the beginning of his charge said to the jury: "The offense charged is larceny. Larceny is the wrongful and felonious taking and carrying away of personal property of some value belonging to another with the felonious intent," etc. And the jury was not required to find as a condition precedent to a verdict of guilty that the defendant, "not being the present owner or *bona fide* claimant thereof . . . willfully and unlawfully entered upon the lands of another." Nor was any distinction made between the taking with and the taking without felonious intent as set forth in C. S., 4259.

It seems clear to us, therefore, that the contention of the State that the bill of indictment is sufficient to sustain a conviction under the terms of C. S., 4259, cannot be sustained. The fact alone that he was tried for the common law, and not the statutory, offense is sufficient answer to this contention. Furthermore, under C. S., 4259, a trespass upon land is an essential element of the offense thereby created. The bill of indictment fails to contain allegations of this and other essential elements of the statutory offense. Nor can the conviction be upheld under C. S., 4320. There is nothing in the bill of indictment or in the charge of the court to indicate that the defendant was tried and convicted under the provisions thereof. That section creates a misdemeanor and is not defined as larceny.

Defendant was indicted charged with the commission of a common law offense and the proof favorable to the State tends to show the commission of a statutory offense. Thus there is a fatal variance between the bill of indictment and the proof.

Where there is a fatal variance between the bill of indictment and the proof, this defect may be taken advantage of by motion for judgment as of nonsuit, there being a total failure of proof to support the indictment. *S. v. Wilkerson, supra; S. v. Harbert,* 185 N. C., 760, 118 S. E., 6; *S. v. Harris,* 195 N. C., 306, 141 S. E., 883; *S. v. Martin,*

supra; S. v. Corpening, supra; S. v. Gibson, 169 N. C., 318, 85 S. E., 7; S. v. Hawley, 186 N. C., 433, 119 S. E., 888.

The defendant must be prosecuted, if at all, under C. S., 4320, or C. S., 4259. *Quære:* As C. S., 4320, and cognate statutes relate expressly to tombstones, graveyards and graves, does this not exclude such property from the provisions of C. S., 4259?

The motion for judgment as of nonsuit should have been allowed with leave to the solicitor to send another bill, if so advised

Reversed.