STATE OF NORTH CAROLINA v. GEORGE GADDY

No. 7220SC641

(Filed 25 October 1972)

Larceny § 8— larceny of property from land — erroneous instructions

     In a prosecution for larceny of property from land in violation of G.S. 14-80, the trial court erred in giving the jury instructions which would have permitted it to return a verdict of guilty upon a finding of the elements of common law larceny.

APPEAL by defendant from *Wood, Judge,* 10 April 1972 Session of ANSON Superior Court.

Defendant was convicted on a bill of indictment which, by its terms, charged a violation of G.S. 14-80. Judgment was entered imposing a sentence of three to five years, suspended on certain terms and conditions.

*Attorney General Robert Morgan by Christine A. Witcover, Associate Attorney, for the State.*

*Thomas and Harrington by L. E. Harrington for defendant appellant.*

VAUGHN, Judge.

Defendant's assignments of error to the charge are well taken. Defendant was indicted under G.S. 14-80 which is as follows:

> "Larceny of wood and other property from land.—If any person, not being the present owner or bona fide claimant thereof, shall willfully and unlawfully enter upon the lands of another, carrying off or being engaged in carrying off any wood or other kind of property whatsoever, growing or being thereon, the same being the property of the owner of the premises, or under his control, keeping or care, such person shall, if the act be done with felonious intent, be guilty of larceny, and punished as for that offense; and if not done with such intent, he shall be guilty of a misdemeanor."

This statute was intended to prevent the wilful and unlawful entry upon the lands of another and the taking and carrying of such articles as were not, at common law or by prior statute, the subject of larceny. *State v. Vosburg,* 111 N.C. 718, 16 S.E. 392. A trespass upon land is an essential element of the offense. *State v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149.

The evidence would have permitted the jury to find defendant guilty as charged in the bill. On at least three occasions, however, the jury was given instructions which would have permitted it to return a verdict of guilty upon a finding of the elements of common law larceny. In fact, the instructions appear to follow closely the North Carolina Pattern Jury Instructions for Criminal Cases (tentative), Section 216.10, "FELONIOUS LARCENY—GOODS WORTH MORE THAN $200.00 STOLEN. G.S. 14-72(a)." To so instruct on a bill charging a violation of G.S.

14-80 constituted prejudicial error and a new trial is required. Since they may not occur at the next trial, we do not review the assignments of error directed to the transgressions of private prosecution in his argument to the jury.

New trial.

Judges PARKER and GRAHAM concur.