STATE OF NORTH CAROLINA v. GEORGE EUGENE SCHULTZ

No. 7728SC261

(Filed 21 September 1977)

1. **Larceny § 2— urns stolen from graves— no chattels real— charge of larceny proper**

   In a prosecution for felonious larceny of bronze urns and vases from cemeteries, defendant was properly charged with felonious larceny rather than with larceny of chattels real pursuant to G.S. 14-80 or G.S. 14-148, since the urns or vases were not so connected to the land that they could not be the subject of common law larceny, but instead were movable objects of a decorative nature that were easily moved from the grave markers on which they rested.

2. **Larceny § 8— three separate offenses— jury instructions proper**

   In a prosecution charging defendant with three offenses of felonious larceny, the trial court's instructions did not lead the jury to believe that if it found defendant guilty on only one of the charges it could return a guilty verdict in all of the cases; rather, the instructions made it abundantly clear that separate cases were being tried and that the verdict in one case did not depend upon the verdict in the other case.

   Judge CLARK dissenting.

APPEAL by defendant from *Howell, Judge.* Judgments entered 7 December 1976 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 24 August 1977.

Defendant was charged with three offenses of felonious larceny. The indictments charged that defendant took 70 bronze urns from Mountain View Memorial Park, Inc., 55 bronze vases from the same corporation on another date and 280 urns from Ashlawn Garden of Memories, Inc.

The State's evidence, in part, consisted of testimony from a witness who said he helped defendant steal the property, testimony from scrap metal dealers to whom defendant sold the property shortly after the thefts, and confessions of guilt by the defendant.

Defendant offered no evidence.

The jury found defendant guilty of all charges. Judgments were entered imposing consecutive sentences of imprisonment.

*Attorney General Edmisten, by Associate Attorney Patricia B. Hodulik, for the State.*

*Roberts, Cogburn and Williams, by Max O. Cogburn, Jr., for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first assigns as error the denial of his motions for judgment or dismissal as of nonsuit. He asserts that the property which he took was in the nature of chattels real and not susceptible of common law larceny. He argues that the proper indictments could only have been under G.S. 14-80 or G.S. 14-148 and, therefore, that there was a fatal variance between the indictments and the proof.

G.S. 14-80 provides:

> "If any person, not being the present owner or bona fide claimant thereof, shall willfully and unlawfully enter upon the lands of another, carrying off or being engaged in carrying off any wood or other kind of property whatsoever, growing or being thereon, the same being the property of the owner of the premises, or under his control, keeping or care, such person shall, if the act be done with felonious intent, be guilty of larceny, and punished as for that offense; and if not done with such intent, he shall be guilty of a misdemeanor."

In *State v. Vosburg*, 111 N.C. 718, 16 S.E. 392 (1892), the purpose of the statute was discussed. The Court said that the intention of the Legislature was to prevent "the willful and unlawful entry upon land of another, and the taking and carrying away of such articles as were not at common law, or by previous statute, the subject of larceny." Such items which were not considered subject to larceny at common law included growing crops, wood in growing trees, plants, minerals, metals, and "fences and other erections not growing, but being on the land and in contemplation of the common law part of the land. . . ." *Id.* 111 N.C. at 721, 16 S.E. at 392. The Court goes on to point out that the words of the statute "or other kind of property whatsoever" are to be restricted in their meaning to property of the character previously enumerated, *i.e.* "connected in some way with the land." *Id.* 111 N.C. at 721, 16 S.E. at 393.

The Court in *State v. Jackson*, 218 N.C. 373, 11 S.E. 2d 149 (1940), considered G.S. 14-80 and held that it applied to the type of property the Court termed chattels real. The Court held that a tombstone or marker is such a chattel real but it said that the purpose of a tombstone or marker is to "designate the spot where the deceased was buried, to perpetuate his name and to record biographical data as to birth, death, etc. *When so erected* it becomes a chattel real. . . ." (Emphasis added.)

There is nothing in the record to establish that the urns or vases stolen by defendant in this case were so connected to the land

that they could not be the subject of common law larceny or that they were affixed to the soil as tombstones or markers. Instead, as the evidence shows, the vases were movable objects of a decorative nature that were easily moved from the grave markers on which they rested. Defendant demonstrated this by the ease with which he quickly removed several hundred of them and hauled them away by automobile. Defendant was, therefore, properly convicted of the crime with which he was charged.

[2]  Defendant's remaining assignment of error is to a portion of the judge's charge wherein he contends that the jury could have understood the judge to say that if it found defendant guilty on only one of the charges it could return a guilty verdict in all of the cases. The exception is to the following part of the charge:

> "So I charge you that if you find from the evidence and beyond a reasonable doubt that either on or about the 5th of June, 1976, the 29th of June, 1976, or the 27th or the 29th of September, 1976, the defendant, either acting by himself, or acting together with Jack Sharpe, David Barnes, Rita Barnes, and Elsie Barnes, took and carried away the property of the Mountain View Memorial Park with respect to case #76CR19296, the property of Mountain View Memorial Park with respect to 76CR19295, the property of Ashlawn Garden of Memories with respect to 76CR19297, and that this was done without the consent of these parties, and that he, George Schultz, was not entitled to take the property and intending at the time to deprive the Mountain View Memorial Park and the Ashlawn Garden of Memories of its use permanently, and that in each instance the value of the property was worth more than $200.00, it would be your duty to return a verdict of guilty of felonious larceny."

We concede that the portion of the charge to which defendant excepts is lacking in the degree of clarity that is ordinarily expected. The judge's meaning would have been clearer if he had added "in each case where you so find" at the end of the sentence. Nevertheless, a charge must be construed contextually to determine whether the jury must have clearly understood the circumstances under which they could return a verdict of guilty in any of the cases. *State v. McWilliams*, 277 N.C. 680, 178 S.E. 2d 476 (1971). It is not sufficient to show error. It must also be shown that the error was prejudicial to defendant.

In other portions of the charge, the judge made it abundantly clear that separate cases were being tried and that the verdict in

State v. Schultz

one case did not depend upon the verdict in the other case. For example, immediately following the portion of the charge to which defendant excepts, the court instructed the jury:

"Now in this case you may return one of two verdicts in each case. You may return a verdict of guilty of felonious larceny or not guilty with respect to each of the three cases, which, as I told you earlier, you will consider as separate and distinct cases."

Earlier in the charge the jury was instructed:

"Now, ladies and gentlemen of the jury, each bill of indictment charges a separate and distinct offense. You must decide upon each bill of indictment separately on the evidence and the law applicable to it uninfluenced by your decision as to any other bill of indictment. The defendant may be convicted or acquitted on any or all of the offenses charged. Your finding as to each charge must be stated in a separate verdict."

To hold that there is a probability that the jurors, in this trial, understood that they must return a verdict of guilty in all cases if they only believed defendant was guilty in one of the cases would, we believe, suggest that they not only lacked common sense but also were incapable of understanding the English language in its simplest terms. We hold that the assignment of error fails to disclose error that was prejudicial to defendant.

No error.

Judge HEDRICK concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

In his final mandate the trial judge instructed the jury in effect to return a verdict of guilty on the three charges of larceny if it found him guilty on either charge. In my opinion this error was not corrected by other instructions to the effect that the jury would consider each charge as separate and distinct.

The jury cannot be expected to know which of two conflicting instructions is correct. *State v. Harris*, 289 N.C. 275, 221 S.E. 2d 343 (1976); *State v. Lee*, 28 N.C. App. 156, 220 S.E. 2d 164 (1975). It must be assumed on appeal that the jury was influenced by that portion of the charge which is incorrect. *State v. Harris, supra.*

One reason for the customary use of the "final mandate" by the trial judges in instructing the jury is to apply the law to evidence, as required by G.S. 1-180 in criminal cases. If it is assumed that the jury was capable of determining which of the conflicting instructions in simple English language was correct, the instructions are devoid of any application of law to the evidence.

I agree with the majority that the State made out a strong case. I cannot agree that error of this kind is harmless beyond a reasonable doubt.