THOMAS BARRON, plaintiff in error, *vs.* WILLIS COLLINS, defendant in error.

When a declaration alleging that A. having, on the 1st of December, 1871, contracted with one Charles Barron, that he, the said Charles, should furnish himself and his two daughters and one George Barron to work as laborers on plaintiff's land, during the year 1872, the plaintiff to furnish the land and mules, and the said Charles to receive one-third and plaintiff two-thirds of the crop, and that the defendant, knowing the said contract had not been abandoned, but still existed, did, on the 25th of December, 1871, employ the said Charles, his two daughters, and the said George, to work for him for 1872, and that at the time of the bringing of the suit, to-wit: February, 1872, the said Charles *et al.*, were working for the defendant to plaintiff's damage, $500 00 :

*Held,* That no good cause of action is set forth in the plaintiff's writ.

Barron *vs.* Collins.

Contracts. Master and servant. Before Judge JAMES JOHN-SON. Talbot Superior Court. March Term, 1873.

This case is sufficiently reported in the head-note.

J. M. MATTHEWS, by brief, for plaintiff in error.

WILLIS & WILLIS, by HENRY L. BENNING, for defendant.

McCAY, Judge.

The demurrer to this declaration was properly sustained. The contract set out between the plaintiff and Charles Barron is not a contract of service. It does not appear that the labor of Charles Barron's two daughters, and of George Barron, belonged to Charles. As the contract stands, it is a contract of Charles Barron to furnish himself and three others, to crop with the plaintiff; he, Charles, not the laborers, to get one-third and plaintiff two-thirds of the crop. This did not make Charles and the hands he furnished, the servants of the plaintiff. As the contract is set forth, Charles is a crop-per, the control of the labor is with him. It is the ordinary case of a man agreeing on his part to furnish the labor and another the land and stock. The laborers are the servants of Charles and not of the owner of the land. Charles is a con-tractor, not a servant. We think, too, the declaration is defective in not setting forth the nature of the damages. What was the damage? How did it accrue? Was the plaintiff at other expense in getting labor to work his land? Did his land go unworked? In what way did the interfer-ence of the defendant damage him? It does not follow that damage came simply because defendant hired the laborers which plaintiff supposed were to work his land.

We are not clear either that an action lies until the service has in fact commenced. The gist of the action is, enticing away the plaintiff's servants. Is one a servant of another for this purpose until he has actually entered into his ser-vice? Perhaps the contract was not binding; it does not

appear to have been written, and it was not to be performed within a year. Nor does it appear that Charles was authorized to contract for the service of the others. We think, for these reasons, the Court was right in sustaining the demurrer.

Judgment affirmed.