THE STATE v. STANHOPE HOOVER.

*Indictment—Enticing Servant—The Code,* § 3119 *and.* 3120.

Where a tenant contracts that, in addition to payment of the stipulated rent, he will work for the landlord whenever he can leave his own crop and is needed by the landlord, this does not constitute the relation of master and servant, and a person employing the tenant is not guilty of enticing a servant, under *The Code,* § 3120.

CRIMINAL ACTION, tried before *Meares, J.,* at August Term, 1890, of MECKLENBURG Criminal Court.

Appeal by defendant.

*The Attorney General,* for the State.
*Mr. E. T. Cansler* (by brief) for the defendant.

CLARK, J.: The contract, as testified to by the prosecutor, was as follows: "Jackson was to cultivate certain of the prosecutor's land, amounting to about eight or nine acres, for the year 1890, and pay him as rental the sum of $33, or one 400-pound bale of cotton, with the understanding that Jackson was to work for the prosecutor whenever he needed Jackson, and he (Jackson) could leave his own crop, at fifty cents a day."

We think the relation of master and servant did not exist, for the reason that Jackson was not in the employment of

the prosecutor. The relation between them was that of landlord and tenant. One of the terms or stipulations of the renting was that, in addition to the rent paid, Jackson, whenever at leisure, if called upon by the landlord, should work for him at fifty cents a day.

It has been held that where A employs B to labor for him for one year, at $20 per month, and gives him the use of a dwelling during the term, B's occupancy of the dwelling is that of a servant, and not as a tenant, and if he quits A's service, or is discharged, A may enter and forcibly eject him. Wood's Master and Servant, § 153, and cases there cited. The reason is that the contract is that of hiring, and the use of the house is a part of the hire, or an incident of the contract. *E converse,* here the contract is that of renting, and the promise by the tenant to do labor when at leisure, if it is wanted by the landlord, is a mere incident of the contract of renting. The Court below erred, therefore, in instructing the jury that "the contract, as sworn to by the prosecutor, gave him the right to demand the services of Jackson every day if he chose to, and the man who took him away was guilty of violating the statute."

*Per Curiam.* Error.