## STATE v. RANSOM ETHERIDGE.

(Filed 17 February, 1915.)

**Criminal Law—Master and Servant—Tenant or Cropper—Interpretation of Statutes.**

> One who is a tenant or cropper of another is not his servant, within the meaning of Revisal, sec. 3365, making it an indictable offense to entice a servant to leave his master.

APPEAL by defendant from *Ferguson, J.,* at September Term, 1914, of EDGECOMBE.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*G. M. T. Fountain & Son for defendant.*

WALKER, J. The defendants were indicted, under Revisal, sec. 3365, for enticing one Frank Battle, a servant, to leave his master, who, it is alleged, was J. R. Bunting, the prosecutor. It will be necessary to consider only one exception of the defendants, who were convicted below, and appealed. They contend that the evidence showed that Frank Battle was not a servant, but either a tenant or a cropper, and if either, they are not indictable, even if it is true that they had induced him to leave his alleged employer. As we are of the opinion that the position is well taken, that Frank Battle was not a servant, and that defendants, therefore, were not indictable for enticing him from the service of J. R. Bunting, they are entitled to a dismissal, even if their other exceptions are not valid. The facts are substantially like those in *S. v. Hoover,* 107 N. C., 795, where the present *Chief Justice* says: "The contract, as testified to by the prosecutor, was as follows: 'Jackson was to cultivate certain of the prosecutor's land, amounting to about 8 or 9 acres, for the year 1890, and pay him as rental the sum of $33, or one 400-pound bale of cotton, with the understanding that Jackson was to work for the prosecutor, whenever he needed Jackson and he (Jackson) could leave his own crop, at 50 cents a day.' We think the relation of master and servant did not exist, for the reason that Jackson was not in the employment of the prosecutor. The relation between them was that of landlord

and tenant. One of the terms or stipulations of the renting was that, in addition to the rent paid, Jackson, whenever at leisure, if called upon by the landlord, should work for him at 50 cents a day. It has been held that where A. employs B. to labor for him for one year at $20 per month, and gives him the use of a dwelling during that term, B.'s occupancy of the dwelling is that of a servant, and not as a tenant, and if he quits A.'s service, or is discharged, A. may enter and forcibly eject him. Wood's Master and Servant, sec. 153, and cases there cited. The reason is that the contract is that of hiring, and the use of the house is a part of the hire, or an incident of the contract. *E converso,* here the contract is that of renting, and the promise by the tenant to do labor when at leisure, if it is wanted by the landlord, is a mere incident of the contract of renting. The court below erred, therefore, in instructing the jury that 'the contract, as sworn to by the prosecutor, gave him the right to demand the services of Jackson every day if he chose to, and the man who took him away was guilty of violating the statute.' "

The statute itself, Revisal, secs. 1993, 3365, 3366, seems to recognize the clear distinction between a tenant or a cropper on the one side and a mere servant, employed to do certain work for hire, and remedies, both civil and criminal, are provided to enforce the rights of the landowner against the defaulting tenant or cropper.

A case very much in point is *Barron v. Collins,* 49 Ga., 580, which was an action against the defendant for enticing one Charles Barron, a cropper, from the plaintiff's service, and it was held that it not being a contract of service, the demurrer to the declaration was properly sustained.

We have never understood that, in law, either a tenant or a cropper is the servant of the landowner. So far as an indictment of this kind is concerned, there is no essential difference between a tenant and a cropper.

The mere fact that the tenant pays rent and has an interest in the land, and a cropper only an interest in the crop which is grown upon the land, when the latter furnishes the labor, his own and that of others, and pays half the expense of making the crop, does not so differentiate the two cases as to make the cropper indictable when the tenant would not be. A tenant and cropper are more independent of the landowner than is a servant, and neither owes him the duty of allegiance or of rendering service, as growing out of their relation to him.

The Attorney-General very frankly admitted that the prosecution could not be sustained. We may remark that *Haskins v. Royster,* 70 N. C., 601, was an action at common law for maliciously—that is, without lawful justification—inducing laborers to break their contract and quit the service of their employer, and stands upon a ground and is upheld for a reason altogether different from any that we can possibly apply to these facts. The case, when properly considered, is really an authority for the position that defendants were not indictable in this case. The dissenting

opinion of *Justice Reade* draws the distinction very sharply and properly between a mere servant and a tenant or cropper, although we may not assent to his individual conclusion. Nor do we think the difference between the two relations which he defines so clearly does in any sense conflict with the decision of the majority.

The motion for judgment of nonsuit should have been granted, and there was error in refusing it. It will accordingly be entered in the court below and the prosecution dismissed.

Reversed.