C. M. MINTON v. JOHN A. EARLY AND WIFE, GEORGIA A. EARLY.

(Filed 22 March, 1922.)

1. Criminal Law—Landlord and Tenant—Abandonment of Crop—Hiring Tenant—Fraud—Statutes—Constitutional Law.

Under the provisions of our Constitution, Art. I, sec. 16, inhibiting "imprisonment for debt excepting in cases of fraud," C. S., 4480, making it a misdemeanor for a tenant to willfully abandon his crop without paying for advances made to him by his landlord, and not requiring allegation or evidence of fraud, is unconstitutional, and the further provisions of the statute creating a civil liability for the one hiring such tenant with knowledge of the circumstances, being connected with and dependent upon

MINTON v. EARLY.

the former, both in express terms and substance, is likewise unconstitutional. *Semble*, were the statute valid, an action against the person hiring the tenant, resting upon contract, would be jurisdictional in the court of the justice of the peace to the extent of $200.

**2. Same—Contracts.**

The liability of one hiring a tenant of another who has willfully abandoned a crop without paying the landlord for advances he has made thereon fixed by the provisions of C. S., 4480, without allegation or evidence of fraud on the part of such tenant, is in contravention of the liberties and vested rights protected by constitutional guaranties that should always be upheld by the courts.

**3. Courts—Justices of the Peace—Jurisdiction—Landlord and Tenant—Tort—Hiring Tenant.**

As to whether, under the common law, one who has "willfully and unlawfully persuaded, induced, and assisted" the tenant of another to abandon his crops without paying his landlord for advances made to him thereon, is guilty of an actionable tort, *quere;* but where the action has been commenced in the court of a justice of the peace it should be dismissed if to recover more than the jurisdictional amount of $50.

**4. Courts—Jurisdiction—Motions—Actions—Dismissal.**

A motion to dismiss an action for want of jurisdiction is not waived by answer over, but may be presented by motion to dismiss, demurrer *ore tenus*, or may be acted on by the court *ex mero motu*.

CLARK, C. J., concurs in the result.

APPEAL by plaintiff from *Calvert, J.,* at the August Term, 1921, of BERTIE.

Civil action, heard on appeal from a justice's court.

The action, purporting to be under C. S., 4480, is instituted by plaintiff, a former landlord, against defendants, on averment that one Jack Outlaw, after agreeing to make a crop on certain lands of plaintiff for 1918, and receiving advancements for said purpose as plaintiff's tenant to the amount of $79.82, wrongfully and willfully abandoned said crop without paying plaintiff for said advancements. And that defendants, with full knowledge of said abandonment, and after being forbidden so to do, employed said tenant to work for them, and moved him on their lands, contrary to law as contained in C. S., 4480. Defendant, reserving the right to move to dismiss for lack of jurisdiction, and for that the statute on which the claim is based is unconstitutional, made answer denying the acts alleged against defendant, and denying any and all knowledge of any breach of contract by the alleged tenant, and at spring term thereafter moved to dismiss the case for that the statute is unconstitutional. Motion overruled. Cause continued.

At the trial term, the jury having been impaneled, the record states that the defendants again demurred because it appears that the action lies only in tort, and that the justice had no jurisdiction of same, the

demand being for more than $50, and the justice's judgment being for more than that sum. · Upon such demurrer and motion, judgment was rendered dismissing the action, and plaintiff excepted and appealed.

*Winston & Matthews for plaintiff.*
*Alex. Lassiter and John W. Davenport for defendant.*

HOKE, J. The action is based upon C. S., 4480, and if this were a valid law, we see no reason why an action *ex contractu* could not be maintained for the jurisdictional amount of $200, on the same principle we uphold in allowing a recovery for a statutory penalty; debt being maintainable for a "sum certain or readily reducible to certainty from fixed data or per agreement." *Katzenstein v. R. R.,* 84·N. C., 688; 2d Waites Action and Defenses, p. 109; 1st Chitty's Pleadings, 108-109; 8th Encyclopedia of Law (2 ed.).

But, in our opinion, the statute referred to, imposing as it does the punishment of fine and imprisonment for abandoning a tenancy or crop, without paying for the advances made by the landlord, and without requiring any allegation or proof of fraud, either in the inception or breach of the contract, is in violation of our constitutional provision, Art. I, sec. 16, which inhibits "imprisonment for debt except in cases of fraud." This has been virtually held in *S. v. Williams,* 150 N. C., 802; wherein the Court decides, the present *Chief Justice* delivering the opinion, that without averment of fraud, a bill of indictment under this section, then Rev., 3366, should be quashed. And for the same reasons, the clause of the statute making it indictable for a landlord to fail and refuse to furnish advancements as per agreement is an invalid provision, for without either averment or proof of fraud, both are ordinary breaches of contract, for which the parties charged may only be held for the civil liability.

A similar decision appears in *S. v. Griffin,* 154 N. C., 611, where a conviction, under C. S., 4281; Rev., 3431, for obtaining money, etc., under a promise to begin certain work, and willful breach, was set aside for lack of any proof of fraud in the transaction other than the obtaining of the advances under the promise to begin the work and a failure to comply.

And the same general principle is approved and applied by the Supreme Court of the United States, in *Bailey v. Alabama,* 219 U. S., 219, a decision which this Court recognized as controlling in the *Griffin case, supra.*

The parts of this statute which attempt to fix criminal liability on the tenant or cropper who has merely broken his contract being therefore invalid because in contravention of the constitutional guarantees pro-

tecting the liberty of the citizen, the clause which imposes, or attempts to impose, civil liability on any one employing such tenant or cropper with knowledge of such breach, connected with and dependent as it is upon the former, both in express terms and substance, must also be avoided. *Keith v. Lockhart,* 171 N. C., 451-548, citing Employers' Liability Cases, 207 U. S., 463-501; *Riggsbee v. Durham,* 94 N. C., 800; Black on Constitutional Law, p. 63.

In *Riggsbee's case, supra,* the principle adverted to is stated as follows: "While some provisions in a statute may be unconstitutional and void, others may remain and be enforced, but the rule does not apply, when the constitutional and unconstitutional parts of the statute are conducive to the same object, and the dislocation of the unconstitutional part would so affect its operation that the act would fail in an essential part."

The position finds support in the fact that there is doubt if the Legislature could impose a liability of this kind upon one employing another who has merely incurred civil liability by a breach of his contract. This right of a citizen to contract and deal with another is itself among the liberties and vested rights protected by constitutional guarantees, and should always be carefully upheld by the courts. *Smith v. Texas,* 233 U. S., 630; *Allgeyer et al. v. State of Louisiana,* 165 U. S., 578; 6 R. C. L., 269.

In *Smith v. Texas, supra, Associate Justice Lamar,* speaking to the question, said: "Life, liberty, property, and the equal protection of the law, grouped together in the Constitution, are so related that the deprivation of any one of those separate and independent rights may lessen or extinguish the value of the other three. In so far as a man is deprived of the right to labor, his liberty is restricted, his capacity to earn wages and acquire property is lessened, and he is denied the protection which the law affords those who are permitted to work. Liberty means more than freedom from servitude, and the constitutional guarantee is an assurance that the citizen shall be protected in the right to use his powers of mind and body in any lawful calling."

For the reasons stated, the action cannot, in our opinion, be maintained upon the statute, and the judgment of the lower court dismissing the same must on that ground be upheld, and the position is not waived because the defendant has answered over after demurrer overruled. *Garrison v. Williams,* 150 N. C., 674, and authorities cited.

The plaintiff has supplemented his declaration on the statute by the averment that "defendants willfully and unlawfully persuaded, induced, and assisted said Jack Outlaw to violate his contract with plaintiff, and it is contended in the argument before us that by reason of this additional averment, with evidence tending to support it, the plaintiff could

sustain a recovery as in a common-law action for wrongfully enticing his tenant from his position and employment, to plaintiff's damage. The action is said to have originated or to have been originally maintained on the First English Statute of Laborers, and while it has been recognized as existent since the repeal of that statute, the cause of action so far as examined, has been restricted to a willful or malicious enticement from the personal service of another. Hale on Torts, pp. 264-265, and authorities cited.

The decisions of this State would seem to be against the maintenance of such an action in the case of tenant or cropper without a valid statute to that effect. *S. v. Etheridge,* 169 N. C., 263; *Swain v. Johnson,* 151 N. C., 93; *S. v. Hoover,* 107 N. C., 795; *Jones v. Stanly,* 76 N. C., 355; *Haskins v. Royster,* 70 N. C., 601. But we are not now required to make direct decision on the question, for all the cases are agreed that such an action is for a tort, and this being a case on appeal from a justice's court, the jurisdiction may not be extended to claims in excess of $50. *Sewing Machine Co. v. Burger,* 181 N. C., 241, citing *Cheese Co. v. Pipkin,* 155 N. C., 394, and other cases.

In this aspect of the matter, the judgment of his Honor is clearly correct, and this, like the former position, going to the jurisdiction of the court, is not waived by answer over, but may be presented by motion to dismiss, demurrer *ore tenus,* or may be acted on by the court *ex mero motu. Garrison v. Williams, supra.*

We find no reversible error presented, and the judgment dismissing the action is affirmed.

No error.

CLARK, C. J., concurs in the result.