[Criminal No. 591. Filed June 6, 1924.]

[226 Pac. 537.]

In the Matter of the Petition of H. A. MORSE for a Writ of Habeas Corpus. STATE, Appellant, v. H. A. MORSE, Respondent.

1. CONSTITUTIONAL LAW—MASTER AND SERVANT—STATUTE HELD ONLY TO PENALIZE OBTAINING LABOR BY FALSE PRETENSES, AND THERE-FORE NOT INVALID.—Any statute making it a crime, punishable by imprisonment, to fail to pay debt is in violation of Const., art. 2, section 18, but Pen. Code 1913, section 524, as amended by Laws 1919, chapter 163, section 1, and Laws 1921, chapter 26, section 1, does not make it a crime merely to neglect to pay wages, but penalizes obtaining labor by false pretenses and is not invalid.

2. MASTER AND SERVANT—EMPLOYER FAILING TO PAY HELD GUILTY OF NO OFFENSE.—That defendant hired automobile driver and failed to pay him *held* not to show obtaining of labor by false pretenses, within Pen. Code 1913, section 524, as amended by Laws 1919, chapter 163, section 1, and Laws 1921, chapter 26, section 1.

APPEAL from an order of the Superior Court of the County of Cochise. A. M. Sames, Judge. Affirmed.

---

1. Constitutionality of statute providing for imprisonment for breach of contract of labor or rental, see note in 21 L. R. A. (N. S.) 242. See, also, 1 R. C. L. 1383.

See 12 C. J. 939; 25 C. J. 659 (1925 Anno.); 26 Cyc. 1027 (1925 Anno.), 1076 (1925 Anno.).

Mr. John W. Murphy, Attorney General, and Mr. John F. Ross, County Attorney, for Appellant.

Messrs. Doan & Stephenson, for Respondent.

ROSS, J.—The respondent upon a criminal complaint, under section 524, chapter 8, title 14, part 1, Penal Code, as amended by chapter 163, Session Laws of 1919, and chapter 26, Session Laws of 1921, in a preliminary hearing before a committing magistrate, was held to answer to the superior court for trial as for a felony. In default of bail, fixed at $500, he was committed to the county jail of Cochise county. He thereupon petitioned the superior court of said county to direct his discharge from custody upon a writ of *habeas corpus,* alleging that the evidence taken upon the preliminary hearing failed to show him guilty of any offense whatever under the law. He attached to his petition, and made it a part thereof, a copy of the transcript of such evidence. Upon a hearing of petition respondent was ordered discharged from custody. From this order the county attorney, representing the state, has appealed, this right being extended to him by subdivision 7 of paragraph 1227 of the Civil Code of 1913.

The material part of section 524, as amended, reads as follows:

"Any person, persons, partnership, association. company or corporation (his or its officers, directors or agents), who or which shall employ upon wages any person or persons in any occupation, and who or which at the time of employing such person or persons, shall not have sufficient assets within the county in which such work or labor is to be performed, over and above all exemptions allowed by law, to cover the amount of wages accruing to said employee or employees for the term of two weeks, and who shall make any false representations or pretenses as to having such assets, or who, after labor has been done upon such employment by said employee

or employees, shall fail, upon the discharge, or resignation of such employee or employees, or for a period of five days after such wages are legally payable, to pay said employee or employees on demand, in the manner prescribed by law, the wages due such employee or employees for such labor, shall be deemed guilty of obtaining labor under false pretenses and upon conviction thereof shall be punished by imprisonment in the state penitentiary for a period not to exceed one year, or by a fine not exceeding three times the amount of wages so due. . . . " Chapter 26, § 1, Laws 1921.

The title under which section 524 appears in the Penal Code is "False Personations and Frauds." It has been considerably changed by the legislatures of 1919 and 1921. For instance, in both of the amendments the requirement is that the employer have assets in the county sufficient to pay the employee two weeks' wages, whereas the original required such assets to be "in the state." The offense in the last act has been raised to the dignity of a felony. As originally written, the failure to have sufficient assets to pay two weeks' wages and false pretenses as to such assets, and neglect to pay wages within five days after the employee was discharged or resigned conjunctively were made to constitute the crime. The amendment of 1919, as also that of 1921, has employed the word "or" instead of the word "and" so as to make the breach of the duty to pay the debt owing to the employee for five days alone an offense, if literally construed.

The complaint filed against the respondent charges him with failing to pay what was due the employee, and an examination of the evidence discloses that that is the only thing of which he is guilty. The prosecutor, one Chester Merrill, was the owner and driver of an automobile, and it appears from the evidence that some time in January, 1923, the respondent engaged the prosecutor to drive him around from

day to day, and compensated him on the basis of daily wages or trips made. The 1st of April the engagement was that the respondent would pay the prosecutor at the rate of $400 for that month. The 1st of May the contract was that $600 for that month would be the compensation of the prosecutor for his services and automobile.

The prosecutor testified:

"Mr. Morse did not make any representations to me other than he wanted to hire me for pay. He did say that he had money tied up in a divorce case that was not yet settled. He did not tell me that he would pay me out of that."

There is an entire absence of any evidence that there was practiced any false representations or pretenses by the respondent in order to secure the services of the prosecutor. There is no evidence that respondent did not have sufficient assets in Cochise county to pay the prosecutor two weeks' wages in January, when he first employed him, or at the date of the two subsequent employments in April and May. We have a case, then, where the respondent, so far as the record is concerned, contracted a debt and failed when it was due and payable, and for five days thereafter, to discharge it. It is the contention of the prosecution that these facts bring the case within section 524, *supra,* as amended, and that the court committed error in discharging the respondent from custody. Respondent takes the position that section 524, because of its context as well as the place where it is found in the laws, clearly indicates that it was the intention of the legislature to make it a criminal offense for any person or corporation to obtain "labor under false pretenses," and not to make it criminal to fail or neglect to pay a debt when due. It is said that, if the former construction of the statute is taken, it is constitutional; but, if the latter, it violates section 18 of article 2 of the Constitution

of the state reading: "There shall be no imprisonment for debt, except in cases of fraud."

We think the position of the respondent is unassailable. If it was the purpose of the legislature to authorize the imprisonment of an employer because he was either unable or unwilling to pay a debt he owed for wages, it would run counter to the above provisions of the Constitution. No such purpose was manifest in the section as it was originally written. It was amended in several respects by the act of 1921, and in ways that would not affect its validity. But, if the legislature intended, as contended by the prosecution, to make it a crime for the debtor simply to fail to pay when the debt is due, and to accomplish that purpose inserted the word "or" for the word "and," the result would be most disastrous. As it would nullify and render unconstitutional an otherwise valid statute, we would prefer to adopt a construction that would sustain the law, and therefore must assume that the substitution of the disjunctive for the conjunctive was inadvertent or clerical.

As was said in *Banks* v. *State,* 124 Ga. 15, 2 L. R. A. (N. S.) 1007, 52 S. E. 74:

"The contention that this act is unconstitutional on the ground that it is an attempt to enforce imprisonment for debt is settled by the decision in *Lamar* v. *State,* 120 Ga. 312, 47 S. E. 958. On the face of it, the purpose of the act is to punish fraudulent practices, not the mere failure to pay a debt. Thus considered, it is constitutional; otherwise, it would not be so. And we will not presume an unconstitutional purpose on the part of the Legislature, where the act is readily capable of a construction harmonizing with the Constitution."

Two leading cases of similar import are *Ex parte Hollman,* 79 S. C. 9, 14 Ann. Cas. 1105, 21 L. R. A. (N. S.) 242, 60 S. E. 19, and *State* v. *Williams,* 150 N. C. 802, 63 S. E. 949. The main difference between the question involved in these two cases and the

present one is that the former undertook to make it
a crime for farm laborers, or tenants, or croppers,
to breach their contract to render services by quitting
after receiving some advance payments. It was out
of such laws the Peonage Cases (D. C.) arose. 123
Fed. 685 et seq. Here the effort of the prosecution
is to imprison the employer who fails to pay his
obligation when it is due and payable, whether he
has been guilty of any fraud or not. This is not
permissible under the Constitution. The latest cases
to pass upon the question that we have been able to
find are *People* v. *Holder,* 53 Cal. App. 45, 199 Pac.
832, and *Minton* v. *Early,* 183 N. C. 199, 111 S. E. 347.
In the latter case it was held that a statute providing
that a tenant who abandoned a tenancy or crop
without paying advances made by the landlord should
be punished by fine and imprisonment without re-
quiring allegations or proof of fraud, either in the
inception or breach of the contract, was void as con-
trary to a constitutional provision prohibiting im-
prisonment for debt except for fraud.

A great many of the states of the Union, it seems,
have provisions in their Constitutions like our section
18, *supra.* In 12 C. J. 940, section 448, it is said:

"As a general rule, any liability to pay money
growing out of any contract, either express or implied,
constitutes a debt within the meaning of the Con-
stitution, and imprisonment therefor on either mesne
or final process is prohibited except where the case
falls under the constitutional exception in regard
to fraud. Statutes providing for imprisonment for
fraudulently procuring money on a contract to per-
form services do not violate a constitutional guaranty
excepting fraud. And a further provision by which
a subsequent breach of the contract to labor is made
*prima facie* evidence of fraud in contracting the debt
has been sustained by some state authorities. But a
statute containing this latter provision has been de-
clared unconstitutional by the United States Supreme
Court as in contravention of the guaranty against

involuntary servitude, and the better opinion is that it is also a violation of the guaranty against imprisonment for debt.''

We are firmly convinced that any statute undertaking to make it a crime punishable by imprisonment, to fail to pay a debt is in violation of our Constitution. We hold, however, that this statute does not make it a crime merely to neglect to pay a debt, but does reach those cases where false representations and pretenses, of the kind described in the statute, are practiced.

We think the evidence at the preliminary failed to show the respondent committed any public offense known to the law of this state, and that the order of the court discharging him was correct.

McALISTER, C. J., and LYMAN, J., concur.