P. H. ANDERSON v. CITY OF ASHEVILLE.

(Filed 25 June, 1927.)

**Constitutional Law—Taxation—Statutes—Municipal Corporations—Cities and Towns—Zoning Districts—Discrimination in Ad Valorem Tax.**

An act authorizing the division of a city into several zones for the purpose of fixing an *ad valorem* basis of real estate for taxation, uniform within each zone, but classified in accordance with density of population, character of buildings, etc., violates the mandatory provisions of our Constitution that within its corporate limits all taxable property shall be by a uniform rule and *ad valorem.* Const., Art. V, sec. 3; Art. VII, sec. 9.

APPEAL by defendant from *McElroy, J.,* heard at chambers by consent, 7 May, 1927, from BUNCOMBE.

Civil action to enjoin the defendant from making any expenditures under an act of the Legislature of 1927, looking to the zoning of the city of Asheville by a commission appointed for that purpose, and to the establishment of different tax rates within said districts or zones.

The trial court was of the opinion, and so held, that the following provision of the act is in violation of the uniformity clause of the Constitution, and therefore void:

"It shall be the duty of said commission to divide the territory embraced within the boundaries of said city, as proposed by said commission, into three distinct zones, on the basis of the comparative density

of population, or existing city improvements, and of the reasonable out-
look for the progressive development of the different areas, to the end
that there may be an equitable graduation of *ad valorem* municipal
taxation as between said several zones.

"The first or inner zone shall include the areas of said city which
presently enjoy substantially full municipal benefits and advantages,
and the full rate of *ad valorem* municipal taxation shall apply uni-
formly throughout said zone; the second or middle zone shall include
all the territory of said city intervening between the inner and the outer
zones, as hereinbefore and hereinafter defined, and one-half of the full
rate of *ad valorem* municipal taxation shall apply uniformly through-
out said zone; the third or outer zone shall be so laid out as to include
all areas that are chiefly valuable for factory sites and related uses, and
said zone shall also include all those areas which presently exhibit more
of a rural than a suburban aspect, and one-fourth of the full rate of
*ad valorem* municipal taxation shall apply uniformly throughout said
zone. Continuity of territory shall not be deemed an indispensable re-
quirement in the layout of either of said zones. Except as herein other-
wise provided in respect of *ad valorem* municipal taxation, all the pro-
visions of the charter of said city, and all lawful ordinances thereof,
shall have equal application throughout the entire territory of said
city."

It is conceded that if the above provision be unconstitutional, the
judgment should be affirmed. The constitutionality of this provision is
the determinative question raised by the appeal.

*No counsel appearing for plaintiff.*

*J. W. Haynes and Frank Carter for defendant.*

STACY, C. J. The appeal presents the single question as to whether
the gradation of *ad valorem* municipal taxes by zones, as contemplated
by the act in question, violates the constitutional requirement of uni-
formity in taxation. We think it does.

The pertinent provisions of the Constitution are as follows:

"Art. V, sec. 3. *Taxation shall be by uniform rule and ad valorem;
exemptions.* Laws shall be passed taxing, by a uniform rule, all moneys,
credits, investments in bonds, stocks, joint-stock companies, or other-
wise; and, also, all real and personal property, according to its true
value in money," etc.

"Art. VII, sec. 9. *Taxes to be ad valorem.* All taxes levied by any
county, city, town, or township shall be uniform and *ad valorem* upon
all property in the same, except property exempted by this Constitu-
tion."

Construing these sections in *Redmond v. Comrs.,* 106 N. C., 122, it was held that when the taxing power is exercised for a public purpose, by any county, city, town or township, the taxes so levied "shall be uniform and *ad valorem* upon all property in the same," except property exempt by the Constitution; and by force of these provisions it was said, *all* property within the taxing territory is required to be taxed according to the principles of uniformity and equality pervading the fundamental law. After an exhaustive review of the subject, *Shepherd, J.,* speaking for the Court, said: "After this lengthy discussion, made necessary by the doubt and obscurity into which the subject has fallen, and sustained, as we are, by the general intention of the Constitution as interpreted by the repeated decisions of this Court and other weighty authorities, we conclude that, although the power of a municipal corporation to tax is not conferred by the Constitution, yet, when such a power is exercised, the Constitution 'steps in,' and, without regard to the provisions of its charter, *commands* that *all* property therein, real and personal, including moneys, credits, etc., shall be taxed, and that it shall be taxed according to 'its true value in money,' and by a uniform rule."

This decision would seem to be in full support of his Honor's ruling, and we think it is controlling here. It has been followed in a number of later cases.

Speaking to the meaning of the expression "taxing by a uniform rule," *Bartley, C. J.,* delivering the opinion of the Court in *Exchange Bank of Columbus v. Hines,* 3 Ohio St. Reports, 1, said: "Taxing by a uniform rule requires uniformity, not only in the *rate* of taxation, but also uniformity in the *mode* of the assessment upon the taxable valuation. Uniformity in taxing implies equality in the burden of taxation; and this equality of burden cannot exist without uniformity in the mode of the assessment, as well as in the rate of taxation. But this is not all. The uniformity must be co-extensive with the territory to which it applies. If a State tax, it must be uniform over all the State; if a county, town, or city tax, it must be uniform throughout the extent of the territory to which it is applicable. But the uniformity in the rule required by the Constitution, does not stop here. It must be extended to *all property* subject to taxation, so that all property may be taxed alike, equally, which is taxing by a uniform rule."

And in *Knowlton v. Supervisors of Rock County,* 9 Wis., 410, *Dixon, C. J.,* speaking to a question identical in principle with the one here presented, said: "It was contended in argument that as those provisions fixed one uniform rate without the recorded plats and another within them, thus taxing all the property without alike, and all within alike, they do not infringe the Constitution. In other words, that, for the

purpose of taxation, the Legislature have the right arbitrarily to divide up and classify the property of the citizens, and having done so, they do not violate the constitutional rule of uniformity, provided all the property within a given class is rated alike.

"The answer to this argument is, that it creates different *rules* of taxation to the number of which there is no limit, except that fixed by legislative discretion, whilst the Constitution establishes but one fixed, unbending, uniform rule upon the subject.   It is believed that if the Legislature can by classification thus arbitrarily and without regard to value, discriminate in the same municipal corporation between personal and real property within, and personal and real property without, a recorded plat, they can also, by the same means, discriminate between lands used for one purpose and those used for another, such as lands used for growing wheat and those used for growing corn, or any other crop; meadow lands and pasture lands; cultivated and uncultivated lands; or they can classify by the description, such as odd numbered lots and blocks, and even numbered ones, or odd and even numbered sections.   Personal property can be classified by its character, use or description, or as in the present case, by its *location,* and thus the *rules* of taxation may be multiplied to an extent equal in number to the different kinds, uses, descriptions and locations of real and personal property.   We do not see why the system may not be carried further and the classification be made by the character, trade, profession or business of the owners.   For certainly this rule of uniformity can as well be applied to such a classification as any other, and thus the constitutional provision be saved intact.   Such a construction would make the Constitution operative only to the extent of prohibiting the Legislature from discriminating in favor of particular individuals, and would reduce the people, while considering so grave and important a proposition, to the ridiculous attitude of saying to the Legislature, 'you shall not discriminate between single individuals or corporations, but you may divide the citizens up into different classes as the followers of different trades, professions, or kinds of business, or·as the owners of different species or descriptions of property, and legislate for one class and against another, as much as you please, provided you serve all of the favored and unfavored classes alike'; thus affording a direct ·and solemn constitutional sanction to a system of taxation so manifestly and grossly unjust that it will not find an apologist anywhere, at least outside of those who are the recipients of its favors.   We do not believe the framers of that instrument intended such a construction, and therefore cannot adopt it."

These excerpts, taken from well-considered opinions in other jurisdictions, dealing with the question here presented, are in full accord with

our own decisions. See, also, 2 Cooley's Constitutional Limitations (8 ed.), p. 1066 *et seq.,* for a valuable discussion of the whole subject with full citation of authorities.

· The case of *Jones v. Comrs.,* 143 N. C., 59, strongly relied upon by defendant, as we understand it, is not at variance with our present position.

Holding the same opinion as the trial court, that the act in question violates the constitutional requirement of uniformity in taxation, as interpreted by our former decisions, we are compelled to affirm the judgment.

Affirmed.