ROY M. BANKS v. CITY OF RALEIGH ET AL.

(Filed 17 September, 1941.)

1. **Municipal Corporations § 3: Taxation § 1—Proviso that annexed territory should not be subject to taxation if improvements and services were not afforded it held void as violating rule of uniformity in taxation.**

   The statute in question provided for the annexation of new territory by defendant municipality upon the approval of the annexation in an election provided for in the Act, but further provided that if any part or parts of the annexed territory were not afforded municipal improve-

ments and services comparable to those afforded like sections now within the city limits within two years after annexation, taxes should not be levied or collected on such part or parts of the annexed territory. *Held:* The proviso in the Act that taxes should not be levied or collected on the part or parts of the annexed territory upon the contingency specified is void as being contrary to the constitutional requirement of uniformity in taxation. Constitution of North Carolina, Art. V, sec. 3.

**2. Municipal Corporations § 3: Statutes § 5b—Unconstitutional proviso held separable so that statute, with proviso deleted, stands as valid.**

The Act in question provided for the annexation of additional territory by defendant municipality if the question of annexation should be approved in an election provided for in the Act. The statute also contained an unconstitutional proviso that taxes should not be levied or collected upon property in the annexed territory if it were not afforded public improvements and services comparable with other like sections of the city. A majority of the Court being of the opinion that the unconstitutional proviso is divisible and separable from the remainder of the statute, the Act, with the unconstitutional part deleted, *is held* valid.

APPEALS by plaintiff and defendant from *Thompson, J.,* at July Term, 1941, of WAKE.

Proceeding under Declaratory Judgment Act. ch. 102, Public Laws 1931, to determine validity or constitutionality of ch. 463, Public-Local Laws 1941, instituted pursuant to authority of *Allison v. Sharp,* 209 N. C., 477, 184 S. E., 27.

The Act in question provides for an extension of the corporate limits of the city of Raleigh, provided the matter of annexation of the new territory "shall be submitted to the vote of the qualified voters of said city and of the territory to be annexed, voting together" at an election to be held for the purpose not later than 1 November, 1941.

In section 4 of the Act, it is provided: "If at such election a majority of the votes cast shall be 'For Extension,' then from and after the first day of January, one thousand nine hundred and forty-two, the territory and its citizens and property shall be subject to all the laws, ordinances and regulations in force in said city, and shall be afforded the same privileges, benefits and facilities as are afforded other comparable parts of the said city now within the city limits: Provided, that if after two years from the effective date of the extension, any part or parts of the annexed territory have not been extended the same privileges, benefits and facilities afforded comparable parts of the city now within the city limits, taxes shall not be levied and collected on such part or parts not enjoying such privileges, benefits and facilities until the same are extended to such part or parts of the annexed territory."

The plaintiff alleges that the proviso in section 4 offends against the constitutional rule of uniformity and renders the entire Act void, and that the holding of an election thereunder will result in useless waste

of ·public funds; wherefore he asks for an injunction to prevent such waste.

It is further alleged that a wide difference of opinion exists among the qualified voters in the city and the territory to be annexed as to the validity of the extension Act; that such confusion hampers an intelligent expression at the ballot box, and that in the interest of fairness the matter should be clarified prior to the election.

The defendant contends that the Act is valid in its entirety.

The court being of opinion that the proviso in question was void, but that this did not affect the remainder of the Act, so declared, and taxed the defendant with the costs. Both sides appeal, assigning errors.

*Willis G. Briggs for plaintiff.*

*Wilbur H. Royster and P. H. Busbee for defendants.*

*J. C. Little, Jr., J. C. B. Ehringhaus, Jr., W. C. Harris, Jr., and William C. Lassiter for Raleigh Junior Chamber of Commerce, amicus curiæ.*

STACY, C. J. The question for decision is whether ch. 463, Public-Local Laws 1941, providing for an extension of the corporate limits of the city of Raleigh, is valid in whole or in part.

It is the opinion of a majority of the Court that with the exception of the proviso in the 4th section which offends against the constitutional requirement of uniformity in taxation, Art. V, section 3, *Anderson v. Asheville,* 194 N. C., 117, 138 S. E., 715, the Act in question is valid, and that the proviso is divisible and separable from the remainder of the statute. *R. R. v. Reid,* 187 N. C., 320, 121 S. E., 534; *Comrs. v. Boring,* 175 N. C., 105, 95 S. E., 43. The Act then stands with the proviso deleted as was decided in the court below.

The view of the minority is, that the presumption of inseparability should prevail and the entire Act declared void. *Minton v. Early,* 183 N. C., 199, 111 S. E., 347; *Keith v. Lockhart,* 171 N. C., 451, 88 S. E., 640; *Electric Bond & Share v. Security Exchange,* 303 U. S., 419.

The pertinent principles of construction are well settled. The divergence of opinion arises over a different conception of the significance to be ascribed to the unconstitutional provision in section 4 of the Act and the effect of its elision. The majority voting in favor of affirmance, the judgment will be upheld.

On plaintiff's appeal, Affirmed.

On defendants' appeal, Affirmed.