IDA FLORENCE MOSS v. A. HICKS.

(Filed 20 October, 1954.)

**1. Landlord and Tenant § 1: Master and Servant § 4b—**

A contract under which the owner of land furnishes a house and the land and one-half of the fertilizer, and the other party furnishes the labor for cultivating the crops and one-half of the fertilizer, with provision for division of the crops, creates the relationship between the parties of landlord and tenant and not that of master and servant.

**2. Landlord and Tenant §§ 10, 11—**

The landlord in an agricultural tenancy is not liable for injury suffered by the tenant when the steps of the house furnished the tenant collapse by reason of disrepair, even though the condition of the steps had theretofore been brought to the landlord's attention and he had agreed to repair same.

APPEAL by plaintiff from *Morris, J.,* at April Civil Term, 1954, of NASH.

Civil action to recover for alleged actionable negligence of defendant in respect to repair and keeping in repair steps to his house on his land, in which plaintiff and her husband resided,—heard upon demurrer to complaint.

The complaint (disregarding the numbering of paragraphs) alleges substantially the following:

1. That on and prior to 9 June, 1953, plaintiff and her husband, William Pharaoh Moss, were engaged as agricultural tenants and share-croppers on the lands of defendant,—having moved thereto several years previously under an agreement and contract which (a) "required the landlord to furnish the land, buildings in which plaintiff and her family and other laborers should reside, and buildings for the team, tools and farming implements and to house the crop made on the said land and to furnish one-half of the fertilizers, and whereby defendant agreed to make advancements to plaintiff and her husband to enable them to make, cultivate and harvest crops on said land," and (b) "plaintiff and her husband and family and other laborers were required to live in buildings furnished by defendant and said tenants were required to furnish the labor and pay for one-half of the fertilizers"; and (c) "the proceeds from the sale of crops, in accordance with said contract, were divided one-half to plaintiff and her husband, and one-half to defendant."

2. That the house on the farm assigned to plaintiff and family as their residence while they cultivated and harvested crops on said land pursuant to said contract was an old house, but at the time plaintiff and her family moved to the premises the house was in a state of repair that made

it apparently safe for occupancy and sufficient for the use of plaintiff and her family as a residence.

3. That the only means of ingress and egress to and from the said house were by steps consisting of six steps leading to the front and back porches, five feet above the ground, and front and back doors; that both front and back steps became rotten and weak and dangerous for use by plaintiff and other members of her family; that plaintiff and her husband repeatedly over a period of several months requested defendant to make the necessary repairs or replace the steps, and put them in a safe condition; and that defendant repeatedly promised plaintiff and her husband to accede to their requests; that prior to 9 June, 1953, the front steps having broken and dropped to the ground, plaintiff and her husband were left with no alternative except to use the back steps and back door; that though plaintiff and her husband informed defendant of this condition, and he observed it, and though he repeatedly promised to repair the house and make the steps safe, he failed and neglected (a) to furnish plaintiff and her family a safe place in which to live, and (b) to repair either the front or back steps "as it was his duty to do under the original contract of rental which governed the agricultural contract in force on June 9, 1953."

4. That on 9 June, 1953, when plaintiff undertook to ascend the back steps, they gave way and crashed to the ground causing her to fall, resulting in personal injury to her in manner and to the extent alleged, by reason of which plaintiff is damaged in sum specified for which she prays judgment.

Defendant demurred to the complaint for that it appears upon the face of it that the allegations are not sufficient to constitute a cause of action against defendant in that defendant, as the plaintiff's landlord, was under no legal obligation to plaintiff to make repairs to the house occupied by her, a tenant on defendant's farm.

The cause coming on for hearing upon the said demurrer, the court being of opinion that the allegations of the complaint are not sufficient to constitute a cause of action, entered an order sustaining the demurrer. Plaintiff excepted thereto and appeals to Supreme Court, and assigns error.

*Davenport & Davenport for plaintiff, appellant.*
*S. L. Arrington for defendant, appellee.*

WINBORNE, J. Did the trial court err in sustaining the demurrer to the complaint? This is the question presented on this appeal. And upon it arises the basic question as to whether the relation between plaintiff and defendant is that of landlord and tenant, or of master and servant. Plaintiff contends for the latter. But the decisions of this Court, and the

Landlord and Tenant Act, Chap. 42 of the General Statutes, lead to the conclusion that the relation is that of landlord and tenant. See among other cases *Pleasants v. Barnes,* 221 N.C. 173, 19 S.E. 2d 627, which cites *S. v. Hoover,* 107 N.C. 795, 12 S.E. 451, and *S. v. Etheridge,* 169 N.C. 263, 84 S.E. 264. Compare *S. v. Smith,* 100 N.C. 466, 6 S.E. 84; *Tucker v. Yarn Mill Co.,* 194 N.C. 756, 140 S.E. 744, and *Simmons v. Lebrun,* 219 N.C. 42, 12 S.E. 2d 644.

Clearly from these decisions the contract between the defendant on the one hand, and the plaintiff and her husband, on the other, established as between them the relation of landlord and tenant with respect to the cultivation of the lands of defendant, and with respect to the occupancy of the house by plaintiff and her husband.

In the *Pleasants case, supra,* plaintiff rented from defendants a farm in Johnston County, owned by them, for cultivation by him in the year 1940 on "half shares, the old-fashioned way," that is, plaintiff to "furnish labor and one-half the guano," and receive half of the crops, and defendants to furnish "teams and tools" and receive the other half of the crops. Plaintiff was injured while engaged in pulling stumps on the land. This Court held that the relation of landlord and tenant existed between defendants and plaintiff with respect to the cultivation of the farm, and treated and disposed of the case in respect to the theory on which plaintiff brought the action, that is, that he was servant of defendant in doing the work of pulling stumps.

In *S. v. Hoover, supra,* where defendant was charged with enticing a servant, the contract, as testified to by the prosecutor, was as follows: "Jackson was to cultivate certain of the prosecutor's land, amounting to about 8 or 9 acres, for the year 1890, and pay him as rental the sum of $33 or one 400-pound bale of cotton, with the understanding that Jackson was to work for the prosecutor whenever he needed Jackson and he (Jackson) could leave his own crop, at 50 cents a day." The Court held that the relation of master and servant did not exist, for the reason that Jackson was not in the employment of the prosecutor,—that the relation between them was that of landlord and tenant.

The case of *S. v. Etheridge, supra,* was of similar nature to the *Hoover case, supra.* The decision of the Court was to like effect. Moreover, in the *Etheridge case* the Court said, "We have never understood that, in law, either a tenant or cropper is a servant of the landlord." See also *Parker v. Brown,* 136 N.C. 280, 48 S.E. 657.

And in *Tucker v. Yarn Mill Co., supra,* in opinion by *Connor, J.,* it is declared: "It is well settled by the decisions of this Court that ordinarily a landlord owes no duty to the tenant to repair the premises, and is not liable for personal injuries sustained by the tenant, although such injuries are caused by the negligent breach of an agreement to repair."

See *Jordan v. Miller*, 179 N.C. 73, 101 S.E. 550; *Hudson v. Silk Co.*, 185 N.C. 342, 117 S.E. 165. Indeed, the instant case presents no facts to take it out of this rule.

So holding, the judgment below will be, and is

Affirmed.